**Charles HARTMAN, Plaintiff and Appellant,**

v.

**Leona HARTMAN, Defendant and Appellee.**

**Civ. No. 900374.**

Supreme Court of North Dakota.

March 5, 1991.

**156**

Irvin B. Nodland, of Nodland, Tharaldson & Dickson, Bismarck, for plaintiff and appellant.

No appearance made or brief filed on behalf of defendant and appellee.

VANDE WALLE, Justice.

Charles Hartman appealed from a district court order denying his motion for a reduction in his monthly child support obligation. We affirm.

The original decree was entered on January 16, 1990, dissolving Charles's marriage with the defendant, Leona Hartman. The decree provided that Leona would have custody of the parties' two minor children. The decree incorporated a stipulation entered between the parties which provided

that Charles would pay child support of $410 per month through May 1990, and $337 per month thereafter until the youngest daughter reached age eighteen or completed high school.

On June 6, 1990, a hearing was held on a show-cause order regarding Charles's failure to make his child support payments, which were $750 in arrears. On June 18, 1990, the district court entered an order confirming the recommendation of the hearing referee that Charles make specified payments toward the arrearage during the summer of 1990 and resume the $337 per month child support payments beginning in September 1990.

On August 22, 1990, Charles filed a motion under Rule 3.2, N.D.R.O.C., requesting a reduction in his monthly child support obligation. Leona did not file a brief or otherwise respond to the motion. On September 14, 1990, the district court entered an order denying Charles's motion on the ground that Charles had failed to show a change of circumstances to justify a reduction in child support. Charles appealed. Leona has made no appearance in response to this appeal.

Charles asserts that because Leona did not respond to his Rule 3.2, N.D.R.O.C., motion he was automatically entitled to the relief requested. We disagree. Under Rule 3.2(b), N.D.R.O.C., the failure of an adverse party to file a brief in response to a motion brought under the rule is "an admission that, in the opinion of party or counsel, the motion is meritorious." Although a party who fails to respond or make an appearance assumes a substantial risk that the trial court will act favorably on the motion, the moving party has the burden of demonstrating to the trial court's satisfaction that he is entitled to the relief requested.

It is well settled that courts vested with the power to grant divorces and award child support have the power to change or modify the amount to be paid or the method by which it is paid whenever it is shown that the circumstances of the parties have materially changed. *Burrell*

*v. Burrell*, 359 N.W.2d 381 (N.D.1985). The trial court's findings on a motion to modify child support are subject to review under Rule 52(a), N.D.R.Civ.P., and will not be overturned on appeal unless they are clearly erroneous.

Charles's only assertion of a change of circumstances is that subsequent to the original decree he filed and completed a bankruptcy, but that it did not have the anticipated consequence of discharging all of his debt. Charles attempted to show that his monthly expenses exceeded his monthly income. The trial court was not convinced that there had been a material change in circumstances since the original decree or that Charles's income was inadequate to accommodate both Charles's necessary living expenses and his monthly support obligation.

A temporary loss of income or temporary difficulty in making support payments does not constitute a material change of circumstances justifying a reduction of child support obligations. *Burrell, supra.* Perhaps Charles's request for relief, if any is justified because of difficulty in making payments, should have been for a delay in making his support payments. Such a remedy has the advantage of temporarily relieving the obligor without a permanent reduction of the support obligation when the need for support has not changed, only the immediate ability of the obligor to make the payments.

We have reviewed the record and we conclude that the trial court's finding that Charles did not show a material change of circumstances justifying a reduction in child support is not clearly erroneous.

The order of the district court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.