**Diane SCHMIDT, Plaintiff and Appellee,**

v.

**James REAMANN, Defendant and Appellant.**

**Civ. No. 940194.**

Supreme Court of North Dakota.

Oct. 27, 1994.

Edward H. Johnson of Worthington Law Firm, Bismarck, for defendant and appellant.

Sheila K. Keller of Regional Child Support Enforcement Unit, Bismarck, for plaintiff and appellee.

LEVINE, Justice.

James Reamann appeals from an order denying his motion to reduce his monthly child support obligation. The district court found no material change of circumstances since the last modification hearing. We affirm.

In July 1987, the parties stipulated to James Reamann's paternity of Diane Schmidt's child and the district court ordered Reamann to pay $65.00 per month as child support. In September 1993, the Bismarck Regional Child Support Enforcement Unit [RCSEU] initiated a review of the 1987 support order under the then-applicable temporary section of NDCC ch. 14–09, requiring periodic review of support orders enforced by RCSEU. *See State ex rel. Younger v. Bryant*, 465 N.W.2d 155, 157 n. 1 (N.D.1991) (setting forth section 16 of chapter 148, S.L. 1989, creating the temporary section of ch. 14–09, effective October 1, 1990, through October 1, 1993).

At the modification hearing, held in October of 1993, the referee found that Reamann was self-employed as a farmer and, using income tax returns provided by Reamann, averaged his income over the five-year period, 1987 to 1991. *See* N.D.Admin.Code 75–02–04.1–05(3). As a result of this computation, the referee determined that Reamann's average net monthly income was $771.00. Applying the child support guidelines, the referee determined that Reamann's child support obligation should be $168.00 per month. However, the referee also found that "the Defendant's situation does create somewhat of a hardship for him to meet that amount" and recommended that Reamann's support obligation be increased to only $145.00 per month, reflecting a fifteen percent downward deviation from the recommended guideline amount. The district court confirmed the referee's findings and recommendations on December 13, 1993, and amended the original child support judgment to reflect an increase in support from $65.00 to $145.00 per month.

On March 25, 1994, six months after the October modification hearing, Reamann made a motion to modify the amended judgment, based on a "continued erosion of his farm income." He offered tax returns from 1992 and 1993 in support of his motion. Reamann estimated that use of his 1992 and 1993 tax returns, in place of his 1987 and 1988 tax returns, would result in a child support obligation of only $56.00 per month.

The district court found that "[t]he only change in circumstances disclosed is the availability of the 1993 tax return, which was not available at the October hearing." The

district court concluded that the mere availability of the 1993 tax return did not constitute a material change in circumstances permitting a reduction in Reamann's support obligation and denied the motion.

Reamann appeals, arguing that the reduction in his income for both 1992 and 1993 is a material change in circumstances, permitting a reduction of his child support obligation. Because Reamann seeks modification of his child support obligation less than one year after the previous modification, he is required to demonstrate a material change in circumstances has occurred since the October 1993 hearing. NDCC § 14–09–08.4(3); *Rueckert v. Rueckert*, 499 N.W.2d 863 (N.D. 1993).

■ A trial court's decision not to modify an obligor's child support obligation because there has been no material change in circumstances is a finding of fact which will not be reversed unless clearly erroneous. *Hartman v. Hartman*, 466 N.W.2d 155 (N.D. 1991). Findings of fact are presumptively correct and Reamann bears the burden of demonstrating that the district court's findings are clearly erroneous. *Gabel v. Gabel*, 434 N.W.2d 722 (N.D.1989). A finding is clearly erroneous when, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

Traditionally, a change in the financial circumstances of either party was considered a significant factor in child support modification proceedings. *See Gabel*, 434 N.W.2d at 723. However, only if the change was neither contemplated nor foreseen by the parties at the time of the prior modification hearing was it considered a material change in circumstances. *See Cook v. Cook*, 364 N.W.2d 74 (N.D.1985). While the child support guidelines, chapter 75–02–04.1, N.D.Admin.Code, now look exclusively to the income of the obligor as the defining factor for child support, section 75–02–04.1–10, N.D.Admin.Code, the guidelines have not altered the substance of our case law that a change of circumstances is one that is neither contemplated nor foreseen. In a sense, a motion to modify is like a request for a new trial based on newly discovered evidence which could not

have been discovered and produced at the trial. *See* NDRCivP 59(b)(4).

The last modification hearing in this case was held in October of 1993. At that hearing, the parties did not follow the correct procedure for acquiring Reamann's relevant tax returns. Section 75–02–04.1–05(3) of the N.D.Admin.Code says that the average income from the five *most recent* years of farm operation should be used to determine a farmer-obligor's income. In addition, NDCC § 14–09–08.6(1) places the burden on the obligor to produce information concerning the obligor's income when a child support order is being reviewed. If tax returns are the chosen method of producing information, then subsection (b) of the statute directs the obligor to provide the "latest income tax return ... which accurately reports the obligor's income for a fiscal year ending no more than seventeen months prior to the date of the review." *Id.* That requirement called for Reamann's tax returns for 1992, 1991, 1990, 1989 and 1988 to be used at the October 1993 hearing. However, Reamann did not provide his 1992 tax return, so the referee used the returns Reamann did provide—1991, 1990, 1989, 1988 and 1987—in computing income and child support.

If an obligor fails to provide necessary income information, section 14–09–08.6(2) authorizes RCSEU to obtain a required tax return directly from the tax department. If the tax return is not available through the tax department, RCSEU may apply to the court for an order compelling the obligor to provide income information sufficient to accomplish the review. *Id.* § 14–09–08.6(3). But RCSEU did not obtain Reamann's 1992 tax return, and the hearing proceeded without it. No appeal was taken from the modification order of October 1993. Instead, this modification proceeding was initiated and Reamann argues that his 1992 and 1993 tax returns show a material change in his financial circumstances.

■ Reamann's failure to provide his 1992 tax return when he should have, bars him from now claiming it evidences a material change in circumstances. A motion to modify, brought within one year of a prior modifi-

cation proceeding, must be based on a material change of circumstances, not on an error in the prior modification proceeding. *See* NDCC § 14–09–08.4(3). A motion to modify may not be used as a substitute for a direct appeal.

■ On the issue of the 1993 tax return, Reamann argues that the return was not available in October and that it shows that his financial circumstances have changed materially since the last modification hearing. However, the completion of the 1993 tax return is not, standing alone, a material change of circumstances justifying a modification of Reamann's child support obligation. Reamann testified at the October modification hearing. The referee considered Reamann's testimony regarding the continued downsizing of his farm operation and recommended a fifteen percent downward deviation from the support amount called for by the guidelines. Therefore, any erosion of Reamann's farm income which occurred after October 1993 was foreseen at the previous modification hearing and cannot now be considered a material change in circumstances for the purpose of further reducing Reamann's child support obligation. *Cook*, 364 N.W.2d 74.

■ Reamann argues that, due to the reduction in his farm income for 1993, he is unable to make the ordered support payments of $145.00 per month. The child support guidelines set the presumptively correct child support obligation. NDCC § 14–09–09.7(3). The child support guidelines do not provide a specific remedy for an obligor's temporary inability to pay support, but do permit consideration of a hardship resulting from either factors not considered by the guidelines, *id.*, or prolonged situations which substantially reduce the obligor's ability to pay and over which the obligor has little or no control. N.D.Admin.Code § 75–02–04.1–06. Reamann does not argue that the decline in his income for 1993 reflects anything other than the typical year-to-year fluctuation of a farmer's income. While a fluctuation in a farmer-obligor's income may be a situation over which the obligor has little or no control, the guidelines account for these fluctuations by permitting a farmer-obligor to average his or her farm income from the five most recent years. ND Admin.Code 75–02–04.1–05(3). *See Zacher v. Zacher,* 493 N.W.2d 704 (N.D.App.1992).

We have suggested that the best remedy when an obligor is experiencing a temporary inability to make support payments, balancing the need of the child for support and the ability of the parent to pay, is a request for a delay in making support payments rather than a permanent reduction in the support award. *Hartman v. Hartman,* 466 N.W.2d 155 (N.D.1991). *See Burrell v. Burrell,* 359 N.W.2d 381 (N.D.1985) [obligor's loss of employment did not constitute material change in circumstances permitting reduction in child support obligation]. Accordingly, we are not left with a definite and firm conviction that the district court erred in finding no material change in circumstances since the October 1993 modification.

Affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.