1999 ND 36

**Elizabeth Miller BUCHHOLZ, n/k/a Elizabeth Miller Boden, Plaintiff and Appellee**

v.

**Scott Bradley BUCHHOLZ, Defendant and Appellant**

**Civil No. 980130**

Supreme Court of North Dakota.

Feb. 23, 1999.

---

1. N.D.C.C. § 12.1–20–15 was superseded by N.D.R.Ev. 412, effective March 1, 1998. *DeCo-teau v. State*, 1998 ND 199, ¶ 11 n. 1, 586 N.W.2d 156.

Patti J. Jensen and Ryan E. Ries, Lindquist, Jeffrey & Jensen, East Grand Forks, Minnesota, for plaintiff and appellee; argued by Ryan E. Ries.

Michael E. Klemetsrud, Devils Lake, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Scott Bradley Buchholz appealed from the judgment of divorce, challenging the district court's decision calculating child support and awarding attorney fees. We affirm the district court's award of attorney fees, and reverse and remand the award of child support.

I

[¶ 2] Elizabeth and Scott Buchholz were married on August 6, 1988. Elizabeth Buchholz was 22 years old; Scott Buchholz was 29. They have three children, all under the age of nine.

[¶ 3] While Scott Buchholz pursued his education, the couple lived in Minnesota and California. They settled in Devils Lake when Scott Buchholz became head golf professional at the Devils Lake Country Club. The couple also acquired a business, the Bentley Golf Company. Elizabeth Buchholz remained at home with the children, and shortly before the couple separated, she started a home day care business.

[¶ 4] The couple has few assets. They own the Bentley Golf Company business, personal property, two automobiles, and minimal equity in their home.

[¶ 5] After Elizabeth Buchholz filed for divorce, the district court ordered mediation, and the couple entered into a partial marital termination agreement. The district court found the agreement reasonable and a fair settlement. The parties, however, reserved for the court's consideration the issues of attorney fees and child support.

[¶ 6] Following a bench trial, the district court found Scott Buchholz capable of earning $1,500 per month due to his "unique" profession and current unemployment. This income obligated Scott Buchholz, under the Child Support Guidelines, to pay $520 per month. Further, the court ordered Scott Buchholz to pay $6,000 toward Elizabeth Buchholz's attorney fees. Scott Buchholz appealed.

[¶ 7] The district court had jurisdiction under N.D.C.C. § 27–05–06. Scott Buchholz's appeal was timely under N.D:R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 8] On appeal, Scott Buchholz argues the district court erred in ordering him to pay child support of $520 per month and in awarding attorney fees to Elizabeth Buchholz.

### A

[¶ 9] Scott Buchholz contends the court's decision he pay $520 child support per month is clearly erroneous. He also contends the district court misapplied the Child Support Guidelines for imputing income to an unemployed obligor.

[¶ 10] For many years, this Court has said child support determinations are findings of fact, governed under the clearly erroneous standard of review. *See, e.g., Hogue v. Hogue*, 1998 ND 26, ¶ 22, 574 N.W.2d 579. This formulation was clearly correct before the Child Support Guidelines became mandatory. Before the mandatory Guidelines, the amount of child support was to be reasonable, considering needs and ability to pay, and reasonableness is a question of fact. *See, e.g., Fleck v. Fleck*, 427 N.W.2d 355, 357 (N.D.1988). Since the Guidelines became mandatory, we have continued to repeat the pre-Guidelines standard of review. *See, e.g., Hogue*, 1998 ND 26, ¶ 22, 574 N.W.2d 579. We now reformulate our articulation of the standard of review in these cases.

[¶ 11] Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law when it fails to comply with the requirements of the Guidelines.[1] "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Edwards v. Edwards*, 1997 ND 94, ¶ 4, 563 N.W.2d 394

(citing *Surerus v. Matuska*, 548 N.W.2d 384, 387 (N.D.1996)). When a district court *may* do something, it is generally a matter of discretion. *See City of Devils Lake v. Corrigan*, 1999 ND 16, ¶ 13, 589 N.W.2d 579. A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably. *Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895. A district court errs as a matter of law when it fails to make required findings or required findings are not intelligible. *See* Laura W. Morgan, *Child Support Guidelines: Interpretation and Application* (1998) § 4.03(b).

[¶ 12] As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support. *Berg v. Ullman ex rel. Ullman*, 1998 ND 74, ¶ 18, 576 N.W.2d 218. "A proper finding of net income is essential to a determination of the correct amount of child support under the guidelines." *Schleicher v. Schleicher*, 551 N.W.2d 766, 769 (N.D.1996). N.D. Admin. Code § 75–02–04.1–02(10) requires "a child support order include a statement of the obligor's net income and 'how that net income was determined.' " *Id.* As *Heley v. Heley*, 506 N.W.2d 715, 721 (N.D. 1993), explained: "A mere recitation that the guidelines have been considered in arriving at the amount of a child support obligation is insufficient to show compliance with the guidelines." Even where the district court used "vague figures ... despite the fact it appears adequate evidence was admitted for the trial court to make a precise finding," *Wolf v. Wolf*, 557 N.W.2d 742, 744 (N.D. 1996), we reverse.

[¶ 13] Generally, under the Child Support Guidelines, N.D. Admin. Code § 75–02–04.1–10, a court awards child support based on the obligor's gross income. Because Scott Buchholz was unemployed at the time of trial, the court imputed income to him. "An obligor's ability to pay child support is not solely determinable from actual income, and an obligor's earning capacity also can be utilized, we have often recognized in our past decisions." *Nelson v. Nelson*, 547

---

1. The Child Support Guidelines are administrative rules having the force and effect of law.

N.D.C.C. §§ 14–09–09.7, 28–32–03(3).

N.W.2d 741, 744 (N.D.1996) (citations omitted).

[¶ 14] The Guidelines were amended in 1991 to include "income imputed based upon earning capacity" in the definition of gross income. N.D. Admin. Code § 75–02–04.1–01(5). A district court may impute an obligor's gross income in one of three ways:

   a. An amount equal to one hundred sixty-seven times the hourly federal minimum wage.

   b. An amount equal to six-tenths of prevailing gross monthly earnings in the community of persons with similar work history and occupational qualifications.

   c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.

N.D. Admin. Code § 75–02–04.1–07(3). The subdivision resulting in the greatest imputed income must be used. *Id.*

[¶ 15] To compute Scott Buchholz's imputed income, the district court found "[t]he Defendant has the following income history: In 1996 $32,749.00; in 1995 $26,047.00; in 1994 $30,518.00 and in 1993 $27,200.00. He is healthy, able-bodied and able to be employed." The court said the defendant's work history and his unique employment enable him to earn a net income of $1,500 a month, and thus obligate him to pay $520 in child support. The court stated, "In applying the North Dakota Child Support Guidelines for a payor with a net monthly income of $1,500.00 with three (3) minor children, the amount of the child support awarded herein is consistent and conforms with the North Dakota Child Support Guidelines."

[¶ 16] The district court does not explain, however, how it arrived at the imputed monthly income of $1,500 under the Child Support Guidelines, stating only this is what Scott Buchholz could make. The district court does not set forth calculations of the greater of the value of subdivisions a through c of N.D. Admin. Code § 75–02–04.1–07(3) to impute Scott Buchholz's income. The district court's finding under N.D. Admin. Code § 75–02–04.1–07 must be clear, and we must know how the court arrived at the amount of income and level of support. *See Berg v. Ullman ex rel. Ullman,* 1998 ND 74, ¶ 18, 576 N.W.2d 218.

[¶ 17] Because the district court did not clearly state how it obtained Scott Buchholz's imputed income or how it calculated the amount, it erred as a matter of law, and we reverse and remand. On remand, the court must make the necessary factual findings and determine the child support obligation based on earning capacity, as required by N.D. Admin. Code § 75–02–04.1–07, and clearly state how it determined Scott Buchholz's imputed income.

### B

[¶ 18] Scott Buchholz contends the court, by ordering him to pay attorney fees of $6,000, abused its discretion. At any time during a pending divorce, the court may award attorney fees under N.D.C.C. § 14–05–23. An award of attorney fees will not be overturned unless the court abused its discretion. *Quamme v. Bellino,* 540 N.W.2d 142, 148 (N.D.1995). A trial court abuses its discretion when its actions are arbitrary, capricious, or unreasonable, or when its decision is not the product of a rational mental process. *E.g., Nastrom v. Nastrom,* 1998 ND 142, ¶ 7, 581 N.W.2d 919.

[¶ 19] "The principal standards guiding an award of attorney fees in a divorce action are one spouse's need and the other's ability to pay." *Quamme,* 540 N.W.2d at 148. The trial court should consider factors such as "the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party has unreasonably increased the time spent on the case." *Id.*

[¶ 20] The district court found Scott Buchholz to be "able-bodied and able to be employed," and found him to be "educated, healthy and able to pursue employment on a full-time basis." The district court specifically found Elizabeth Buchholz "lacks the ability

to pay all her attorney's fees and costs in-curred" because of the divorce, and her monthly expenses are more than her monthly income by roughly $1,200. The court also addressed Elizabeth Buchholz's economic sit-uation, her occupation, her lack of income, and her expenses related to raising her three children.

[¶ 21] Finally, the district court found the actions of Scott Buchholz to have increased the time spent on litigation, one of the factors mentioned in *Quamme*. The court stated Scott has "[b]y way of his conduct . . . unrea-sonably increased the fees and costs incurred by both parties in this litigation."

[¶ 22] In awarding attorney fees to Eliza-beth Buchholz, the district court did not abuse its discretion.

### III

[¶ 23] We affirm the district court's award of attorney fees, and reverse and remand the child support award for further proceedings consistent with this opinion.

[¶ 24] VANDE WALLE, C.J., NEUMANN, MARING and KAPSNER, JJ., concur.