2006 ND 247

**Dianne Kay DUNNUCK, a/k/a Dianne Kappleman, Plaintiff and Appellant**

v.

**Thomas Edward DUNNUCK, Defendant and Appellee.**

**No. 20060126.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Robert J. Schultz, Conmy Feste, Ltd., Fargo, ND, for plaintiff and appellant.

Susan L. Ellison, Ohnstad Twichell, P.C., West Fargo, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Dianne Kay Dunnuck, also known as Dianne Kappleman ("Kappleman"), appealed from an order denying her motion to modify Thomas Edward Dunnuck's child support obligation. Because Kappleman failed to establish that a material change of circumstances had occurred between the date of the motion to modify and the date of the child support order sought to be amended under N.D.C.C. § 14–09–08.4(4), we affirm.

I

[¶ 2] The parties were married in 1986 and had three children. In April 2004, Kappleman sued Dunnuck for divorce and they entered into a stipulation and proper-ty settlement agreement. The agreement, which was incorporated in the parties' April 21, 2004, divorce judgment and decree, provided that Kappleman would have physical custody of the children, Dunnuck would have visitation, Dunnuck would pay child support of $2,351 per month, and Dunnuck could claim the minor children as dependents for income tax purposes. The child support provision of the agreement further stated that "[Dunnuck] receives two bonuses a year, December and March. [Dunnuck] agrees to pay [Kappleman] a lump sum of 34.3% from each of these bonuses. [Dunnuck] will provide verification to [Kappleman] upon request." The parties subsequently stipulated to amend the visitation provisions of the divorce decree, and an amended judgment and decree incorporating the stipulation was entered on November 8, 2004.

[¶ 3] On January 20, 2005, Kappleman moved to hold Dunnuck in contempt, to amend the dependency tax exemption provisions of the amended divorce decree so that entitlement to claim the exemption alternated between the parties each year, and to amend the child support provision relating to Dunnuck's employee bonuses to require that payment be made directly to Kappleman within ten days of receipt. Dunnuck responded in February 2005 with a motion to modify the visitation provisions of the amended judgment and to hold Kappleman in contempt. A judicial referee, and the district court upon request for review, denied the parties' motions for the most part, but modified the visitation schedule and noted the issue on modification of the employee bonus portion of the child support provision had been resolved by the parties. On November 10, 2005, a second amended judgment was entered, which did not alter the child support or dependency tax exemption provisions. A third amended judgment was entered on

November 21, 2005, to correct a clerical error.

[¶ 4] On November 23, 2005, Kappleman moved to modify the child support provisions of the third amended judgment. Kappleman requested that "the additional bonus payment provision of our divorce be eliminated and that child support be based upon application of [Dunnuck's] annual income to the child support guidelines." Kappleman claimed Dunnuck's 2004 gross annual income was $206,865 based on his 2004 tax return and December 31, 2004, pay stub, resulting in a child support obligation of $4,114 per month. Following a hearing, the district court denied Kappleman's motion. The court ruled that Kappleman was required to establish that a material change of circumstances occurred under N.D.C.C. § 14–09–08.4(4) because her motion to modify was brought only two weeks after the judgment was amended for the second time on November 10, 2005, and only two days after the judgment was amended for the third time on November 21, 2005. The court noted that "[t]ax exemptions for the dependent children were one of the issues discussed when the Second Amended Judgment was entered, which necessarily impacts child support obligations." The court found "there has not been a material change of circumstances from entry of the Second Amended Judgment on November 10, 2005 and [Kappleman's] motion to modify child support, filed on November 23, 2005."

## II

[¶ 5] Although no subsequent judgment was entered in this case, an order denying a motion to modify child support or spousal support that is intended to constitute the final order of the court is appealable. *See Rothberg v. Rothberg,* 2006 ND 65, ¶ 8, 711 N.W.2d 219. The district court had jurisdiction under N.D.

Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Kappleman's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–02.

## III

[¶ 6] Kappleman argues the district court erred in denying her November 23, 2005, motion to modify Dunnuck's child support obligation.

[¶ 7] The standards of review used in child support determinations vary, depending on the issue appealed. *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215. We apply a de novo standard to questions of law, a clearly erroneous standard to questions of fact, and an abuse of discretion standard to discretionary matters. *Id.*

## A

[¶ 8] Kappleman argues the district court erred in ruling she was required to show a material change of circumstances to support the motion to modify, because more than one year had passed since the unaltered child support obligation of $2,351 per month had been entered in the original divorce decree on April 21, 2004.

[¶ 9] Section 14–09–08.4(4), N.D.C.C., governs the periodic review of child support orders and provides:

4. If a child support order sought to be amended was entered at least one year before the filing of a motion or petition for amendment, the court shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines, whether or not the motion or petition for amendment arises out of a periodic review of a child support order, and whether or

not a material change of circumstances has taken place, unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted. If a motion or petition for amendment is filed within one year of the entry of the order sought to be amended, the party seeking amendment must also show a material change of circumstances.

[¶ 10] This Court has construed N.D.C.C. § 14–09–08.4(4) in an analogous factual situation. In *Withey v. Hager*, 1997 ND 225, ¶ 2, 571 N.W.2d 142, Hager's child support obligation was set at $1,402 per month in the original 1994 divorce judgment, but the obligation was reduced to $1,165 per month in an amended judgment entered on April 6, 1995. On August 7, 1996, an amended judgment was entered, based on a stipulated settlement of child support arrearages, stating that Hager's child support obligation " 'shall continue at the rate specified' " in the April 6, 1995, judgment. *Id.* at ¶ 3. In October 1996, Hager filed a motion to reduce his child support based on his 1995 income, and the district court denied the motion. *Id.* Hager argued it was unnecessary for him to demonstrate a material change of circumstances under N.D.C.C. § 14–09–08.4(4), because his October 1996 motion was made more than one year after his child support obligation was set at $1,165 per month in the April 6, 1995, judgment. *Id.* at ¶ 5. A majority of this Court ruled the one-year period under N.D.C.C. § 14–09–08.4(4) began to run upon entry of the August 7, 1996, judgment, rather than upon entry of the April 6, 1995, judgment, even though the obligation set in the 1995 judgment had not been changed:

> This statute clearly requires an obligor requesting a change in child support to show a material change of circumstances

if the motion to amend is brought "within one year of the entry of the order sought to be amended." Hager's motion must be for amendment of the August 7, 1996 judgment, because that is the latest judgment which establishes his child support obligation. Based upon the parties' agreement, the August 7, 1996 judgment continued Hager's child support obligation at $1,165 per month. It dealt with child support by continuing Hager's obligation without change. Hager's request two months later to modify his obligation, therefore, carries the statutory prerequisite of showing a material change of circumstances. *See Schmidt v. Reamann*, 523 N.W.2d 70, 72–73 (N.D.1994).

*Withey*, at ¶ 7.

[¶ 11] Although the August 7, 1996, judgment in *Withey* was based on a stipulation of the parties providing that the child support obligation would continue as specified under the April 6, 1995, judgment, we perceive no substantive difference when the most recent judgment leaves child support provisions unaltered after parts of them have been unsuccessfully challenged. Kappleman's January 2005 motion challenged the original divorce decree's provisions on payment of the percentage of Dunnuck's employee bonus income and allocation of the income tax dependency exemption, both of which impact Dunnuck's child support obligation. *See* N.D. Admin. Code § 75–02–04.1(7)(a)(3) (application of income tax dependency exemption in determining obligor's net income). We recognize that Kappleman's November 23, 2005, motion is the first in which she sought to modify the $2,351 monthly support figure set by the original April 21, 2004, divorce decree. But to allow an obligor or obligee to parse various facets of a child support obligation through numerous challenges without re-

gard to the one-year period under N.D.C.C. § 14–09–08.4(4) would defeat the limited finality feature of the law, which is intended to restrain the frequency of changing child support orders. *See Zarrett v. Zarrett,* 1998 ND 49, ¶ 8, 574 N.W.2d 855; *Eklund v. Eklund,* 538 N.W.2d 182, 185 (N.D.1995).

[¶ 12] Kappleman's motion to modify child support was brought less than one year after entry of both the second and third amended judgments. We conclude the district court did not err in ruling Kappleman was required under N.D.C.C. § 14–09–08.4(4) to establish that a material change of circumstances had occurred since entry of the second and third amended judgments.

## B

[¶ 13] Kappleman argues the district court erred in failing to find a material change of circumstances had occurred.

■■■■ [¶ 14] Evidence of a change in the financial circumstances of the parties is a significant factor in determining whether a material change of circumstances has occurred to warrant modification of child support. *See Gabel v. Gabel,* 434 N.W.2d 722, 723 (N.D.1989). However, a change in financial circumstances by itself is not sufficient to modify child support without further inquiry about the cause of the change. *Id.* A district court's decision not to modify an obligor's child support obligation because there has been no material change in circumstances is a finding of fact that will not be reversed unless it is clearly erroneous. *Schmidt v. Reamann,* 523 N.W.2d 70, 72 (N.D.1994). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court, upon review of all the evidence, is left with a definite and firm conviction a mistake has

been made. *Gibb v. Sepe,* 2004 ND 227, ¶ 7, 690 N.W.2d 230.

■■ [¶ 15] Kappleman did not allege a material change of circumstances in her pleadings to the district court and has not specifically pointed to anything that occurred between November 10, 2005, and November 23, 2005, that constitutes a material change of circumstances. This Court has noted that a motion to modify child custody or support "is akin to a request for a new trial based upon newly discovered evidence that could not have been discovered and produced at trial." *Alvarez v. Carlson,* 524 N.W.2d 584, 589 (N.D.1994); *see also Schmidt,* 523 N.W.2d at 72. Although Kappleman emphasizes that Dunnuck's 2004 tax return was not available in January 2005 when she made her motion that resulted in entry of the second and third amended judgments, the unavailability of that tax return is not, standing alone, a material change of circumstances justifying a modification. *See Schmidt,* 523 N.W.2d at 73.

[¶ 16] Moreover, although Kappleman claimed Dunnuck's 2004 tax return and December 31, 2004, pay stub established that Dunnuck's annual gross income was $206,865, Dunnuck presented evidence that Kappleman's calculations counted some forms of income twice and included income from which she and the children had already benefited. Dunnuck claimed his actual gross income was $116,566, resulting in a net monthly income of $7,114 and a child support obligation of $2,419 per month, little more than what he is currently paying. The district court stated:

> Assuming, for argument[']s sake, that [Kappleman] contends [Dunnuck's] current financial situation is a material change of circumstances, the Court disagrees.... The computation structure for the bonuses has not changed, and [Kappleman] receives a percentage pay-

ment from each of [Dunnuck's] bonuses; therefore, it is not additional income to be included for child support calculations. [Dunnuck's] testimony in regard to his pay stub and liquidation of life insurance policies reflects that [Kappleman] and the children received benefit of this income either during the marriage, or shortly after the divorce. In essence, [Kappleman] wants to "double-dip," by receiving the benefit of income and then asking the Court to include the same income for child support calculations. The Court does not find a material change of circumstances in regard to [Dunnuck's] financial situation.

[¶ 17] We conclude the district court's finding that there was no material change of circumstances from entry of the second amended judgment on November 10, 2005, and Kappleman's motion to modify child support on November 23, 2005, is not clearly erroneous.

## IV

[¶ 18] The order is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.