2009 ND 32

**Michel Lee GUNIA, Plaintiff and Appellant**

v.

**Terri Lynn GUNIA, Defendant and Appellee.**

No. 20080055.

Supreme Court of North Dakota.

April 2, 2009.

Lynn M. Boughey, Boughey Law Firm, Bismarck, N.D., for plaintiff and appellant.

Donavin L. Grenz, Linton, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Michel Gunia appeals from an amended judgment reducing his child support obligation from $980 per month for three minor children to $836 per month for two minor children. He claims the district court misapplied the law by failing to make findings about his present income. We conclude the district court did not clearly err in finding Michel Gunia failed to show a material change in circumstances and the court did not err in determining his current child support obligation. We affirm the amended judgment.

I

[¶ 2] In November 2006, Michel and Terri Gunia were divorced under a settlement agreement and judgment in which Terri Gunia was awarded custody of the parties' three minor children and Michel Gunia agreed to pay her $980 per month in child support for the three children:

> until the recipient child has (i) attained the age of 19 years, if in regular high school attendance after age 18, (ii) has attained age 18 and has graduated from high school, or (iii) is earlier emancipated, whichever occurs first. Upon termination of the support obligation for each child, the support amount payable thereafter for subsequent children shall be reduced by the proportion provided for in the then current child support guidelines, recognizing that the obligors' responsibility *per child* may increase. The support obligation of [Michel Gunia] for subsequent children shall continue until terminated under the conditions set forth above.

The parties' stipulation and the judgment stated Michel Gunia's child support obligation was "based on income and financial records which show that the amount conforms and is in excess of the requirements" of the child support guidelines, but the stipulation and judgment did not include a statement or findings about his income and financial circumstances. *See* N.D. Admin. Code §§ 75-02-04.1-02(10) ("Each child support order must include a statement of the net income of the obligor

used to determine the child support obligation, and how that net income was determined") and 75–02–04.1–12 (in uncontested proceedings, credible evidence describing obligor's income and financial circumstances must be presented to demonstrate agreed-upon child support meets guideline requirements). At the time of the divorce, however, Michel Gunia owned a crop spraying business, and Terri Gunia was a bookkeeper for the business.

[¶ 3] In September 2007, Michel Gunia moved to reduce his child support obligation after the oldest child turned 18 and was no longer in high school. At an evidentiary hearing on the motion, Michel Gunia presented evidence that he elected to operate his crop spraying business as a Subchapter S corporation in July 2007, and in August 2007, he started paying himself $2,000 per month in gross income and $1,617 per month in net income from the business. Michel Gunia's accountant, Russell Schick, testified that he advised Michel Gunia to continue drawing $1,617 per month in net income in 2008 to build equity in the business. In response to questions from the court about the characteristics of a Subchapter S corporation, the following colloquy occurred:

THE COURT: [T]ell me about a Sub Chapter S Corporation. Just hypothetical, let's assume I pay myself $5,000.00 a month gross, ok? And so at the end of the year, although I paid myself $60,000.00, I actually have $100,000.00, you know, it would be $100,000.00, what happens to that last $40,000.00?

MR. SCHICK: That gets taxed, flows to his personal tax return and gets taxed.

THE COURT: Sure, I mean, it's basically treated like an individual, so it doesn't matter what you get from month to month, it's what you get and how much is left at the end of the year, isn't it?

MR. SCHICK: Right.

THE COURT: Cause then you add that to what you got to come up with the total, right?

MR. SCHICK: Right.

THE COURT: Do you have any estimate as to what's going to happen in this case over six months of experience? I mean, that $2,000.00, is that going to be just cutting it right on the narrow end of it, or is that leaving room for a profit?

MR. SCHICK: There's some profit there, but he does have some planned expenses he's going to make before the end of the year.

Schick testified the Subchapter S corporation was at a "break even point" on July 1, 2007, and estimated it would earn "around that fifty thousand dollar mark ... after expenses" for the remainder of 2007. According to Michel Gunia, he planned to use the money in the business at the end of the year for fuel for the next year, which he estimated would cost $40,000 to $50,000, and for airplane repairs, which he estimated would cost $35,000 to $42,000.

[¶ 4] At the evidentiary hearing, the parties also introduced tax returns for 2003 through 2006. Michel Gunia's 2006 federal tax return showed an adjusted gross income of $36,005, which included a net profit from his business of $37,849 that was based on $118,137 in gross receipts minus $51,932 in cost of goods and $28,356 in expenses. The parties' 2005 federal tax return showed an adjusted gross income of $34,080, which included a net profit from the business of $26,350 that was based on $222,350 in gross receipts minus $86,727 in cost of goods and $109,273 in expenses. The parties' 2004 federal tax return showed an adjusted gross income of $27,437, which included a net profit from

the business of $26,140 that was based on $90,263 in gross receipts plus $2,108 in other income, minus $16,942 in cost of goods and $49,289 in expenses. The parties' 2003 federal tax return showed an adjusted gross income of $26,568, which included a net profit from the business of $10,728 that was based on $60,117 in gross receipts plus $2,981 in other income, minus $25,140 in cost of goods and $27,230 in expenses.

[¶ 5] After the hearing, the district court decided Michel Gunia had failed to establish his present income was different from his income under the November 2006 judgment, and the court ordered him to pay Terri Gunia $836 per month in child support for the remaining two minor children:

> Michel owns a sub-chapter S corporation, the business of which is aerial spraying. He formed this corporation about the time the parties were going to be divorced. His accountant told him to pay himself $2,000 per month and offered Exhibit No. 1 to show his take home pay of $1,617 per month. [The] accountant testified that all gain or loss from the sub-chapter S corporation would be passed through to Michel at the end of every year. Michel could not explain why the gross receipts as shown on Schedule C of his 2005 tax [return] of $222,350 (Exhibit A) was almost double of what was shown on Schedule C of his 2006 tax return of $118,137 (Exhibit 3). Neither he nor his accountant could explain what was left to be distributed to Michel on December 17th, a few days before the end of the 2007 tax year when all money in excess of $2,000 per month would be charged to Michel. In short, Michel has failed in his burden of proof.....

> The Child Support Guidelines in NDAC 75–02–04.1–10 set forth the amount of child support for children at various levels of monthly net income. Although there is no figure of $980, the closest amount of $995 for three children is based on a monthly net income of $2,900. The Court has no choice, given the failure of proof as to Michel's true monthly net income, but to find his monthly net income as of the Judgment and Decree was $2,900 and that there is no evidence of any significant change one way or the other since the Entry of Judgment. Therefore, the Court finds Michel's monthly net income continues to be $2,900 which for two children results in monthly child support of $836.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Michel Gunia's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] Michel Gunia initially claims the district court improperly received additional evidence after the hearing. A post-hearing submission by Terri Gunia includes a worksheet calculation for child support with an affidavit of mailing by a paralegal for her attorney. Michel Gunia objected, claiming the paralegal was not a licensed attorney and the evidence was not about his present income. However, the record reflects the worksheet used calculations from Michel Gunia's 2006 tax return, which was admitted into evidence during the hearing. Michel Gunia responded with a worksheet calculation based on his claim that the evidence established his present net income was $1,600 per month and his child support obligation for two children was $469 per month. Terri Gunia's worksheet calculations were based upon evidence admitted at the hearing and essen-

tially constituted argument to the court, not additional evidence. *See Holte v. Carl Albers, Inc.*, 370 N.W.2d 520, 526–27 (N.D. 1985) (arguments by counsel are not evidence). We conclude the district court did not improperly receive additional evidence after the hearing.

### III

[¶ 8] Michel Gunia argues the district court erred in placing an incorrect burden of proof on him, in refusing to consider evidence about his present income, in "improperly reverting back to the admittedly inflated net income ... in the original judgment," and in misapplying the child support guidelines. He claims he presented evidence his current net income was about $1,600 per month for his monthly draw from his solely-owned Subchapter S corporation, and his monthly child support obligation should have been $469 per month for two children. He claims the court "disregarded the uncontroverted testimony" about why his gross receipts for his business were higher in 2005 than in 2006, "disregarded [his] uncontroverted explanation" that any additional money available to his Subchapter S corporation would be used to repair his airplane and prepay his fuel expenses for 2008, and ignored the "obvious material change in circumstances" about the number of minor children that he was obligated to support. He asserts the court refused to determine his present net income on the basis of the evidence and instead decided his monthly net income was $2,900 per month, the same as when the stipulated judgment was entered and which Michel Gunia claims was "in excess of the requirements" of the child support guidelines.

[¶ 9] In *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215 (footnote and citations omitted), we outlined this Court's

standard of review of child support decisions:

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law when it fails to comply with the requirements of the Guidelines. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." When a district court *may* do something, it is generally a matter of discretion.

A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably. A district court errs as a matter of law when it fails to make required findings or required findings are not intelligible.

[¶ 10] The parties' divorce judgment was filed on November 7, 2006. On September 9, 2007, Michel Gunia moved to reduce his child support obligation after the oldest child turned 18 and was no longer in high school. Because Michel Gunia sought modification of his child support obligation less than one year after the initial divorce judgment, he was required to demonstrate a material change in circumstances under N.D.C.C. § 14–09–08.4(4). *See Dunnuck v. Dunnuck*, 2006 ND 247, ¶¶ 9–12, 724 N.W.2d 124; *Harger v. Harger*, 2002 ND 76, ¶ 8, 644 N.W.2d 182; *Lauer v. Lauer*, 2000 ND 82, ¶ 4, 609 N.W.2d 450; *Withey v. Hager*, 1997 ND 225, ¶ 7, 571 N.W.2d 142. This Court has said a material change in circumstances is one that is neither contemplated nor foreseen. *Schmidt v. Reamann*, 523 N.W.2d

70, 72 (N.D.1994). A district court's decision about whether there has been a material change in circumstances is a finding of fact that will not be reversed on appeal unless clearly erroneous. *Dunnuck*, at ¶¶ 14, 17; *Withey*, at ¶ 8; *Schmidt*, at 72.

[¶ 11] Here, the parties' stipulation and the initial judgment contemplated a recipient child would no longer be entitled to child support when the child "(i) attained the age of 19 years, if in regular high school attendance after age 18, (ii) has attained age 18 and has graduated from high school, or (iii) is earlier emancipated, whichever occurs first." The initial judgment contemplated a proportional reduction of child support when a recipient child was no longer entitled to child support:

> Upon termination of the support obligation for each child, the support amount payable thereafter for subsequent children shall be reduced by the proportion provided for in the then current child support guidelines, recognizing that the obligors' responsibility *per child* may increase. The support obligation of [Michel Gunia] for subsequent children shall continue until terminated under the conditions set forth above.

The judgment contemplated how child support would be calculated as the minor children reached majority and provided a mechanism for dealing with that event. The district court essentially followed the parties' predetermined method for calculating child support as the children reached majority, and that event does not satisfy the requirement for a material change in circumstances.

[¶ 12] Michel Gunia's primary argument is that the district court did not make a finding about his present income. He claims the court should have adopted his uncontroverted evidence about his $1,600 per month net draw from his Sub-

chapter S corporation as the only credible evidence of his present net income.

[¶ 13] In *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417, we discussed requirements for the explanation of child support decisions:

> Under N.D. Admin. Code § 75–02[–]04.1–02(10), "[e]ach child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined." Because a proper finding of net income is essential to determine the correct amount of child support under the child support guidelines, we have said that, as a matter of law, a trial court must clearly set forth how it arrived at the amount of income and the level of support. *See, e.g., Bladow [v. Bladow]*, 2005 ND 142, ¶ 19, 701 N.W.2d 903; *Olson v. Olson*, 2002 ND 30, ¶ 12, 639 N.W.2d 701; *Heinz v. Heinz*, 2001 ND 147, ¶ 17, 632 N.W.2d 443; *Lauer v. Lauer*, 2000 ND 82, ¶ 3, 609 N.W.2d 450; *Buchholz v. Buchholz*, 1999 ND 36, ¶ 12, 590 N.W.2d 215; *Berg v. Ullman ex rel. Ullman*, 1998 ND 74, ¶ 18, 576 N.W.2d 218. When a trial court does not clearly state how it calculated the amount of child support, this Court will reverse and remand for an explanation even if the record contains adequate evidence for the trial court to make a precise finding. *See Buchholz*, at ¶¶ 12, 17; *Wolf v. Wolf*, 557 N.W.2d 742, 744 (N.D.1996); *see also Heley v. Heley*, 506 N.W.2d 715, 721 (N.D.1993) ("A mere recitation that the guidelines have been considered in arriving at the amount of a child support obligation is insufficient to show compliance with the guidelines"); *Spilovoy v. Spilovoy*, 488 N.W.2d 873, 877 (N.D. 1992) (same).

[¶ 14] A change in financial circumstances may be a material change in

circumstances under N.D.C.C. § 14–09–08.4(4). *See Schmidt,* 523 N.W.2d at 72. Here, however, the district court was not required to adopt evidence that Michel Gunia claims was uncontroverted, because there also was evidence of an unquantified amount of profit from his solely-owned Subchapter S corporation at the end of the year. Michel Gunia's accountant, Schick, testified the solely-owned Subchapter S corporation would net about $50,000 for the rest of 2007. A Subchapter S corporation is designed to tax corporate income on a pass-through basis to shareholders of a small business corporation. I William H. Painter, *Painter on Close Corporations* § 1.10.1 (3d ed. 1999). *See* 26 U.S.C.A. § 1361. "Since ... a Subchapter S corporation is not taxed on its earnings, the various income, expense, loss, credit, and other tax items 'pass through' and become tax items of the individual shareholders in accordance with their pro rata interest in the corporation ... and are taxable to or deductible by shareholders in a manner analogous to that which is applicable to partners." I *Painter,* at § 1.10.3. The income and expenses from Michel Gunia's solely-owned Subchapter S corporation are attributable to him. *See* N.D. Admin. Code § 75–02–04.1–01(10) (self-employment means employment income from organization that obligor directly or indirectly controls). Michel Gunia provided the court with some testimony about his monthly draw from the Subchapter S corporation and the corporation's year end profits, but he provided the court with no documented evidence to show the current income and expenses of the corporation and his net income for purposes of the guidelines. *See* N.D. Admin. Code § 75–02–04.1–02(7) (income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income).

[¶ 15] Although this Court has remanded for further proceedings when a district court fails to make findings on an obligor's net income, we have also said:

[I]f [a child support obligor] fails to supply the trial court with adequate information to calculate [net] income, the amount of child support determined by [a prior court order] will remain unchanged.... A movant for amendment of a child support order has the burden of proving the existing amount is not in conformity with the amount required by the guidelines. *Helbling v. Helbling,* 541 N.W.2d 443, 446 (N.D.1995). The trial court found [the obligor's] income was incomplete and unsubstantiated. Failure to supply adequate evidence of income can result in denial of the motion. *See Henry v. Henry,* 2000 ND 10, ¶ 7, 604 N.W.2d 234. If the trial court determines [the obligor] has failed to supply adequate evidence, his motion should be denied and the original determination will remain unchanged. [An obligor] cannot move to amend child support and benefit from his failure to supply adequate financial information. *See Anderson v. Anderson,* 504 N.W.2d 569, 571 (N.D.1993) (stating "[w]e will not permit a party to take advantage of his duplicity at the trial court level to urge error on appeal").

*Christoffersen v. Giese,* 2005 ND 17, ¶ 10, 691 N.W.2d 195.

[¶ 16] Michel Gunia had the burden to show a material change in circumstances. *Schmidt,* 523 N.W.2d at 72. The district court found Michel Gunia had not presented "evidence of any significant change [in income] one way or the other since" the initial judgment in November 2006. The court effectively found Michel Gunia had failed to show a material change in his financial circumstances, and we are able to discern the basis for the court's

decision. We are not left with a definite and firm conviction the court made a mistake in finding Michel Gunia failed to establish a material change in circumstances. We conclude the court's finding is not clearly erroneous and the court did not misapply the law in deciding Michel Gunia's child support obligation.

### IV

[¶ 17] We affirm the amended judgment.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

DANIEL J. CROTHERS, J., concurs in the result.