# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 184

Brandi Lynn Koffler,                               Plaintiff and Appellant

     v.

Beau Jerome Koffler,                             Defendant and Appellee

No. 20190378

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Jason W. McLean, Fargo, N.D., for plaintiff and appellant; submitted on brief.

Jerilynn B. Adams, Fargo, N.D., for defendant and appellee; submitted on brief.

**Koffler v. Koffler**
**No. 20190378**

**Tufte, Justice.**

[¶1]   Brandi Koffler appeals from a second amended judgment modifying Beau Koffler's child support obligation. She argues the district court erred by finding there was a material change in circumstances warranting a modification of child support. We reverse and remand, concluding the court's finding of a material change in circumstances warranting modification of the child support obligation is clearly erroneous.

I

[¶2]   In January 2019, Brandi and Beau Koffler were divorced. Brandi Koffler was awarded primary residential responsibility for the parties' two minor children. The parties stipulated Beau Koffler would pay $3,007 per month in child support. The district court adopted the parties' stipulation. A judgment consistent with the stipulation was entered. In May 2019, the judgment was amended to modify the parenting plan, but it did not modify the child support obligation.

[¶3]   In July 2019, Beau Koffler moved to modify his child support obligation, arguing there was a material change in circumstances warranting a modification because his employment at Precision Plumbing was terminated and his income was significantly reduced. He claimed his child support obligation was based on a net monthly income of approximately $11,800 and his net monthly income had been reduced to $4,250 after the termination of his employment. He requested his child support obligation be reduced to $1,216.

[¶4]   Brandi Koffler opposed the motion, arguing the termination of Beau Koffler's employment did not constitute a material change in circumstances because the change was self-induced. She alternatively argued the change in employment was a voluntary change resulting in a reduction in income and Beau Koffler's income should be imputed under the child support guidelines.

1

[¶5] After a hearing, the district court granted Beau Koffler's motion to modify his child support obligation. The court found Beau Koffler lost his job as a result of performance issues, the termination of his employment was a material change in circumstances, the termination of employment was not self-induced, and the material change justified modifying the child support obligation. The court found Beau Koffler's current net monthly income is $4,250, and ordered his child support obligation be reduced to $1,216 per month for two children. A second amended judgment was entered.

II

[¶6] Brandi Koffler argues the district court erred by finding a material change of circumstances occurred. She claims the termination of Beau Koffler's employment is not a material change in circumstances because it was a self-induced change. She contends the termination was known, foreseen, and contemplated because his employment was terminated for work performance issues, the problems were present throughout 2018, and he was aware there would be consequences if he did not improve his work performance.

[¶7] "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Solwey v. Solwey*, 2018 ND 82, ¶ 9, 908 N.W.2d 690 (quoting *Jacobs-Raak v. Raak*, 2016 ND 240, ¶ 26, 888 N.W.2d 770). The district court's decision on whether a material change in circumstances has occurred is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Gunia v. Gunia*, 2009 ND 32, ¶ 10, 763 N.W.2d 455. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the entire record, this Court is left with a definite and firm conviction a mistake has been made. *Id.* at ¶ 9.

[¶8] The divorce judgment setting Beau Koffler's child support obligation was filed on January 11, 2019. Beau Koffler moved to modify his child support obligation on July 29, 2019. When a party moves to modify a child support obligation within one year of entry of the obligation, the moving party must

2

show a material change of circumstances before the court may modify the obligation. N.D.C.C. § 14-09-08.4(4). The party must also present sufficient evidence to justify modification under the child support guidelines. *Harger v. Harger*, 2002 ND 76, ¶ 8, 644 N.W.2d 182. Beau Koffler had the burden to prove a material change of circumstances existed and to present sufficient evidence justifying a modification under the guidelines.

[¶9]   A material change is one that is not contemplated or foreseen at the time of the prior hearing. *Gunia*, 2009 ND 32, ¶ 10, 763 N.W.2d 455; *Schmidt v. Reamann*, 523 N.W.2d 70, 72 (N.D. 1994). Evidence of a change in financial circumstances is a significant factor in deciding whether a material change has occurred, but there must also be inquiry into the cause of the change. *Dunnuck v. Dunnuck*, 2006 ND 247, ¶ 14, 724 N.W.2d 124. The type of change in circumstances governs the inquiry, and we have explained:

> If it involves spousal or child support, or both, the basic inquiry is: Has a substantial change in the financial ability of the payer occurred? If yes, what was or is the underlying cause? Was it self-induced or is it the result of economic conditions, or has the payer become physically or mentally disabled, or did the payer incur new or additional financial obligations and, if so, were they voluntarily assumed or were they imposed by other factors?

*Muehler v. Muehler*, 333 N.W.2d 432, 434 (N.D. 1983). "Generally, a self-induced change in circumstances does not constitute valid grounds for a modification." *Id.* "The guidelines do not allow 'an obligor with an established earnings history to drastically reduce his income, and thereby his ability to pay child support, upon a whim,' or 'voluntarily, without good reason.'" *Mahoney v. Mahoney*, 538 N.W.2d 189, 192 (N.D. 1995) (quoting *Olson v. Olson*, 520 N.W.2d 572, 574 (N.D. 1994)). *See also* N.D. Admin. Code § 75-02-04.1-07 (imputing income based on earning capacity).

[¶10] The district court granted Beau Koffler's motion to modify his child support obligation, finding there was a material change in circumstances which warranted a modification. The court found Beau Koffler's income was approximately $12,500 per month when the original judgment was entered, and his income had decreased considerably since that time because he lost his

job as a result of performance issues.  The court found Beau established that his income is now $62,400 per year and that his child support obligation does not reflect his current circumstances. The court found:

> Now that a material change in circumstances has been established, the question becomes whether a reduction in child support is warranted. Beau cannot meet his current obligation. Although Beau is responsible for getting fired, that change in income is not self-induced.  There is no evidence that Beau wanted to get fired or sabotaged his work in order to get fired.  Rather Beau had a lot of problems at work that eventually led to his termination.  After he was terminated Beau obtained another job.  This is not a case where Beau has quit working to frustrate his support obligations.
>
> Brandi argues that Beau's firing was self-induced and his obligation should not be reduced. This argument is unpersuasive. In *Schulte v. Kramer*, 2012 ND 163, 820 N.W.2d 318, the obligor was fired for stealing from his employer. Beau was fired for a host of performance issues and his firing cannot be reduced to one discrete incident. These facts are readily distinguishable from the present case. As a result, the Court concludes that a reduction in child support obligation is warranted.

The court found there was a material change in circumstances and Beau Koffler's income is now $62,400 per year, and the court ordered Beau Koffler's child support obligation be reduced to $1,216 per month.

[¶11] This Court considered whether a material change of circumstances existed under similar facts in *Schulte v. Kramer*, 2012 ND 163, 820 N.W.2d 318. Although the issue in *Schulte* was the existence of a material change in circumstances for purposes of modification of spousal support, our analysis of whether a material change existed in that case is relevant to the issues raised in this appeal.

[¶12] In *Schulte*, a spousal support obligor moved to modify his spousal support obligation after he was fired from his employment for removing a discarded antenna from the employer's garbage. *Schulte*, 2012 ND 163, ¶¶ 4-7, 820 N.W.2d 318.  The district court granted the obligor's motion, finding the

4

obligor's annual income had decreased from $60,000 to $30,000, the significant reduction in income constituted a material change in circumstances, and the parties had not contemplated the change in income at the time of the divorce judgment. *Id.* at ¶ 16. The district court also found the obligor's actions led to his termination and reduction in income, but the reduction in income was not voluntary or self-induced or made in bad faith and the employer's response was not foreseeable. *Id.* at ¶ 18.

[¶13] This Court reversed the district court's termination of the spousal support obligation. *Schulte*, 2012 ND 163, ¶ 28, 820 N.W.2d 318. We held the district court's finding that a material change in circumstances existed because the obligor's income was significantly reduced after his employment was terminated was not clearly erroneous. *Id.* at ¶ 17. But we further held the district court applied an erroneous view of the law by finding the material change warranted modification of the support obligation. *Id.* We said the district court's findings that the obligor's actions led to his termination and that the reduction in income was not voluntary or self-induced were directly conflicting. *Id.* at ¶ 18. We explained the district court erred when it required the employer's response to the obligor's theft be foreseeable by the obligor and when it found the reduction in income was not voluntary or self-induced because of the unforeseeable nature of the firing. *Id.* at ¶ 19. This Court held, "Under our caselaw, once the trial court found [the obligor's] actions led to his termination, it essentially determined the reduction in income was self-induced, thereby triggering the necessity of further inquiry into whether a substantial showing of good faith or cause could be established to justify modification regardless of the self-induced conduct." *Id.* at ¶ 20. This Court held the evidence and case law supported the obligor's voluntary and knowing conduct being the cause of his reduction in income, placing him in a less financially secure position, and the district court applied an erroneous view of the law when it determined the material change justified a modification of support. *Id.* at ¶¶ 21, 27.

[¶14] Here, the district court found Beau Koffler was responsible for losing his job because of performance issues, but it rejected Brandi Koffler's argument that the firing was self-induced. The court said this case is different from

*Schulte* because Beau Koffler was fired for a host of performance issues that cannot be reduced to one discrete incident such as stealing from his employer. Whether the conduct that led to termination was one voluntary act or multiple voluntary acts is not relevant; Beau Koffler's actions led to the termination of his employment.

[¶15] Beau Koffler had been employed by Precision Plumbing since 2004 and had previously earned substantial performance bonuses, including a performance bonus in 2016 which resulted in total earnings of $298,150. Evidence established Beau Koffler's employment was terminated on the basis of his work performance, including: "Attendance issues with scheduled meetings and workdays, incompletion [or] follow through on Precision Plumbing work, general contractors' refusal to work with Beau due to his reliability on projects, and employee morale in the office and job site were negatively impacted." Testimony from a Precision Plumbing executive established Beau Koffler was late or failed to show up to meetings, there were issues with the timeliness of his completion of projects, and his boss spoke to him on numerous occasions about the problems with his performance. Evidence exists that Beau Koffler had performance issues throughout 2018, and there were discussions about his employment status, opportunities to improve, and the consequences for failure to improve. The reasons given for Beau Koffler's termination were all within his control, and the evidence supports the district court's finding that Beau Koffler is responsible for the termination of his employment.

[¶16] The district court's finding that Beau Koffler was responsible for the termination of his employment directly conflicts with its finding that the termination was not self-induced. Beau Koffler's knowing and voluntary conduct caused his reduction in income. Once the court found Beau Koffler's actions led to the termination of his employment, the court essentially determined the reduction in income was self-induced.

[¶17] We conclude the district court misapplied the law by finding Beau Koffler's reduction in income, which he was responsible for, was a material change warranting reduction of his child support obligation. Under a proper

6

application of the law there is no material change in circumstances warranting modification. We reverse the district court's decision and remand for the court to reinstate the prior child support obligation.

## III

[¶18] We have considered the remaining issues and arguments and conclude they are either unnecessary to our decision or are without merit. We reverse the second amended judgment and remand.

[¶19] Jerod E. Tufte
 Daniel J. Crothers
 Lisa Fair McEvers
 Gerald W. VandeWalle
 Jon J. Jensen, C.J.