2000 ND 52

**Joel J. BLETH, Plaintiff and Appellee,**

v.

**Janet S. BLETH, Defendant and Appellant.**

No. 990284.

Supreme Court of North Dakota.

March 21, 2000.

Michael J. Maus of Hardy, Maus &
Nordsven, Dickinson, for plaintiff and ap-
pellee.

Joseph H. Kubik of Kubik, Bogner, Ridl
& Selinger, Dickinson, for defendant and
appellant.

SANDSTROM, Justice.

[¶ 1] Janet Bleth appeals from an order
amending the judgment of the Southwest
Judicial District Court. We affirm.

I

[¶ 2] Joel Bleth and Janet Bleth were
divorced on June 5, 1990. Janet Bleth was
awarded custody of the parties' three mi-
nor children, and Joel Bleth was ordered
to pay child support. When the parties'
eldest child reached majority, Joel Bleth
moved to reduce his child support obli-
gation. His monthly payment was subse-
quently reduced.

[¶ 3] Joel Bleth is employed by Pump
Systems, Inc., a corporation he founded
with a partner. The corporation has elev-
en other stockholders. Joel Bleth and his
partner each own 40.3 percent of the com-
pany.

[¶ 4] For the fiscal year ending Novem-
ber 30, 1998, Pump Systems, Inc., had an
income of $96,659. In addition, the corpo-
ration retained net earnings of $64,842,
resulting in a total of $627,572 in unap-
propriated retained earnings.

[¶ 5] When the parties' second child
reached majority, Joel Bleth brought the
present action to again reduce his child
support obligation. The district court, in
reducing his obligation, did not attribute
any of Pump Systems, Inc.'s retained earn-
ings to Joel Bleth, and it calculated his
obligation using only his gross income of
$61,809.69.

[¶ 6] Janet Bleth timely appealed the
district court's order amending its earlier
judgment. N.D.R.App.P. 4(a). The dis-
trict court had jurisdiction under N.D.C.C.
§ 27–05–06. This Court has jurisdiction
under N.D. Const. art. VI, § 6, and
N.D.C.C. § 28–27–01.

## II

[¶ 7] The sole issue on appeal is whether the district court erred in excluding Pump Systems, Inc.'s income or retained earnings in calculating Joel Bleth's gross income for child support purposes. Janet Bleth argues a portion of Pump Systems, Inc.'s taxable income or retained earnings should be included in Joel Bleth's gross income because he has a significant amount of control over the corporation's decision to retain or distribute earnings. She argues Joel Bleth "should not be allowed to accumulate income in his corporation to be taken at a later date when his support obligation has expired."

### A

[¶ 8] "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.* (citations omitted).

### B

[¶ 9] When an obligor is the sole stockholder of a corporation and determines his or her own salary, the corporation's income may be considered in determining the obligor's earning capacity. *Quamme v. Bellino*, 540 N.W.2d 142, 146 (N.D.1995) (in the case of self-employment, "the administrative code requires consideration of the gross income of the business, rather than what an individual chooses his personal 'income' to be"); N.D. Admin.

Code § 75–02–04.1–05. The district court should then consider not only salary, but also the corporation's earnings, life insurance paid by the corporation, and other benefits provided by the corporation. *Quamme*, at 146 (citations omitted).

[¶ 10] Other jurisdictions have imputed income to an obligor with significant control over earnings of a corporation, such as a sole stockholder. *See, e.g., Merrill v. Merrill*, 587 N.E.2d 188 (Ind.Ct.App.1992). *See also* Annotation, Divorce and separation: attributing undisclosed income to parent or spouse for purposes of making child or spousal support award, 70 A.L.R.4th 173, 201, §§ 6–7 (1989 & Supp. 1999). The less control the obligor has over the retained earnings, however, the more reluctant courts have been to impute corporate income to a stockholder obligor. *See* M. Kyle Rominger, Note, *Valuing S Corporation Earnings in Child Support Calculations*, 35 U. of Louisville J. of Fam. L. 145 (1996–97).

[¶ 11] In this case, no evidence was presented and no offer of proof made to the district court regarding Joel Bleth's control of the distribution of the corporation's retained earnings. Further, there was no evidence presented and no offer of proof showing Pump Systems, Inc.'s retention of earnings was inappropriate.[1]

[¶ 12] To prevail on appeal, an issue must be appropriately raised in the district court, and a record created for informed appellate review. *State v. Osier*, 1999 ND 28, ¶ 14, 590 N.W.2d 205 (citing *Beavers v. Walters*, 537 N.W.2d 647, 652 (N.D.1995)); *Gorsuch v. Gorsuch*, 392 N.W.2d 392, 394 (N.D.1986). This Court is unable to review the issue in the absence of evidence or an offer of proof. *Gorsuch*, at 394; *Estate of Kjorvestad*, 375 N.W.2d 160, 167 (N.D.1985). *See State v. Lang*, 378 N.W.2d 205 (N.D.1985) (appellant was not

---

1. Neither party argues that the issue on appeal is Joel Bleth's increased ability to pay child support under N.D. Admin. Code § 75–02–04.1–09(2)(g). No evidence or offer of proof relating to Joel Bleth's increased ability to pay child support under N.D. Admin. Code § 75–02–04.1–09(2)(g) was presented.

unlawfully precluded from presenting competent evidence to establish justification for conduct where he failed to present evidence and made no offer of proof to substantiate his position); *State v. Flohr*, 301 N.W.2d 367 (N.D.1980) (regardless of whether the district court suspects the proof to be offered is ultimately inadmissible, a record preserving the offer and the ruling is necessary for this Court to review the ruling).

[¶ 13] Because necessary evidence was not presented and no offer of proof was made, the record is inadequate to raise the issue Janet Bleth presents on appeal.

## C

[¶ 14] Joel Bleth requests costs and attorney's fees because of the "complete absence of any law to support" Janet Bleth's argument. Because her appeal is not frivolous, Joel Bleth's request for attorney's fees and costs on appeal, except for costs allowed under N.D.R.App.P. 39, is denied.

## III

[¶ 15] The order amending the judgment is affirmed.

[¶ 16]GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.