2010 ND 194

**Theresa Ann ENTZIE, Plaintiff, Appellee and Cross–Appellant**

v.

**Allen Lee ENTZIE, Defendant, Appellant and Cross–Appellee.**

No. 20100067.

Supreme Court of North Dakota.

Oct. 19, 2010.

Joanne H. Ottmar (argued), Jamestown, ND, for plaintiff, appellee and cross-appellant.

Donavin L. Grenz (argued), Linton, ND, for defendant, appellant and cross-appellee.

KAPSNER, Justice.

[¶ 1] Allen Entzie appeals and Theresa Entzie cross-appeals from an amended judgment modifying Allen Entzie's child support obligation. We hold the district court erred as a matter of law by failing to comply with the child support guidelines, and we reverse and remand the district court's calculation of Allen Entzie's child support obligation. We affirm the district court's deviation from the child support guidelines for the children's needs and affirm the award of partial attorney fees.

I

[¶ 2] Allen Entzie is a self-employed farmer. Allen Entzie and Theresa Entzie were married and have four children together. The parties divorced in 2007. Upon divorce, the district court entered a judgment, based on the parties' stipulation, requiring Allen Entzie to pay $246 per month in child support for the four minor children. On May 12, 2009, Theresa Entzie filed a motion to amend the judgment and modify Allen Entzie's child support obligation, alleging Allen Entzie had an increased ability to pay because he acquired significant parcels of land since the divorce. The motion also alleged a need to deviate upward from the child support guidelines because the children's needs increased. On August 26, 2009, Theresa Entzie amended her motion to amend the judgment and requested an award of attorney fees, contending Allen Entzie prolonged discovery and increased litigation costs. Allen Entzie responded to Theresa Entzie's motion to amend and recalculate his child support obligation and requested the district court reduce the amount of his support obligation, because the oldest child was no longer a minor and only three children needed support.

[¶ 3] The district court held a hearing on October 23, 2009 and entered an order granting the motion to amend the judgment on December 9, 2009. On January 27, 2010, the district court entered an order incorporating Theresa Entzie's proposed amended judgment. The district court found Allen Entzie was a self-employed farmer and underemployed. The district court imputed income to calculate Allen Entzie's child support obligation by adding a minimum wage income to the rental value of land Allen Entzie inherited or had "direct control over." The district court found Allen Entzie engaged in "vari-

ous income tax reducing programs and avenues." The district court determined two children, C.E. and T.E., have increased needs and expenses and applied an upward deviation to the child support obligation in the amount of $100 per child per month. The district court awarded Theresa Entzie partial attorney fees after finding Allen Entzie increased the cost of discovery and his income was more than twice Theresa Entzie's income.

## II

[¶ 4] This Court's standard of review of a district court's child support determination is well-established:

"'Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.'" *Verhey v. McKenzie*, 2009 ND 35, ¶ 5, 763 N.W.2d 113 (quoting *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215). "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Doepke v. Doepke*, 2009 ND 10, ¶ 6, 760 N.W.2d 131.

*Sonnenberg v. Sonnenberg*, 2010 ND 94, ¶ 11, 782 N.W.2d 654 (quoting *Fleck v. Fleck*, 2010 ND 24, ¶ 13, 778 N.W.2d 572).

## III

[¶ 5] Allen Entzie argues the district court erred as a matter of law by failing to comply with the requirements of the child support guidelines on calculating self-employment income from farming.

[¶ 6] "A proper finding of net income is essential to determine the correct amount of child support under the child support guidelines...." *Halberg v.*

*Halberg*, 2010 ND 20, ¶ 10, 777 N.W.2d 872 (quoting *Gunia v. Gunia*, 2009 ND 32, ¶ 13, 763 N.W.2d 455; *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417). In order for the court to properly determine an obligor's support obligation, the obligor's income must be documented through "the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." N.D. Admin. Code § 75-02-04.1-02(7). If tax returns are unavailable or the court finds the returns unreliable, the guidelines require the court to use profit and loss statements which more accurately reflect the obligor's current self-employment income, in order to properly calculate income. N.D. Admin. Code § 75-02-04.1-05(3); *Doepke*, 2009 ND 10, ¶¶ 7, 12, 760 N.W.2d 131. Under the child support guidelines, "[e]ach child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined." N.D. Admin. Code § 75-02-04.1-02(10). In *Berge*, this Court reversed and remanded the lower court's child support order because the court did not explain how various figures were calculated, what evidence supported the inclusion of such figures, or what evidence supported the exclusion of other income. *Berge*, at ¶ 9. The district court erred as a matter of law by excluding such statements and simply adopting the obligor's calculations. *Id.* The lower court cannot arbitrarily ignore the child support guidelines. *See Kobs v. Jacobson*, 2005 ND 222, ¶ 8, 707 N.W.2d 803. A court must make specific findings of fact that an obligor's tax returns do not adequately reflect the obligor's income, or are not a reliable indicator of future income, before the court can refuse to consider tax return information. *See id.*; *see also Heinle v. Heinle*, 2010 ND 5, ¶¶ 38, 41, 777 N.W.2d 590.

[¶ 7] At the hearing in the district court, Theresa Entzie presented Allen Entzie's tax returns for the years 2004 through 2008. The district court did not make any findings about Allen Entzie's net income or why it was unable to calculate his income based on the tax returns or other evidence in the record. The district court's orders include figures from Allen Entzie's tax returns, but the orders do not contain the required income calculations under the child support guidelines. The order granting the motion to amend judgment does not state why there are no income calculations from Allen Entzie's tax returns or other financial documents. The district court erred as a matter of law by failing to document Allen Entzie's income through tax returns, or alternatively, through profit and loss statements. On remand, the district court must calculate Allen Entzie's income from the proper documents under the guidelines. Before disregarding such information, the district court must make specific findings on the reliability or adequacy of Allen Entzie's tax returns.

[¶ 8] The district court's findings include the figures for gross income, depreciable assets and deductions, and adjusted self-employment income from Allen Entzie's 2007 and 2008 tax returns. The child support guidelines contain specific provisions for determining an obligor's income from self-employment. *Halberg,* 2010 ND 20, ¶ 11, 777 N.W.2d 872. In self-employment cases, net income from self-employment is gross income and is subject to the same deductions, to the extent they were not already deducted when net income from self-employment was calculated. N.D. Admin. Code § 75–02–04.1–05(9); *see also* N.D. Admin. Code § 75–02–04.1–01(5). Net income from self-employment is total income for internal revenue service purposes. N.D. Admin. Code § 75–02–04.1–05(1). The court must average the past five years of a self-employed obligor's financial information, if self-employment activities have been operated on a substantially similar scale for the most recent five years. N.D. Admin. Code § 75–02–04.1–05(4). If self-employment activities have not been operated on a substantially similar scale in the most recent five years, the court may use a shorter period of time. *Id.*

[¶ 9] The district court erred as a matter of law by not calculating Allen Entzie's self-employment income according to the child support guidelines and by not averaging the most recent five years of Allen Entzie's self-employment income. The district court must make specific findings on why a five-year average of self-employment income is not reflective of current income before the court can use a shorter period of time. The district court must apply the guidelines to calculate an obligor's net income, even if the obligor is self-employed, the court has little evidence to consider, or an accurate depiction of income is difficult. *Fleck,* 2010 ND 24, ¶ 16, 778 N.W.2d 572. On remand, the district court must properly calculate Allen Entzie's net income from self-employment using the tax information presented and average income from the past five years, or make specific findings of fact why that information is unreliable or not reflective of current income.

IV

[¶ 10] On cross-appeal, Theresa Entzie argues if the district court's self-employment income calculations were incorrect, then the district court erred in not including other sources of income, such as in-kind income, payments made to a member of the obligor's household, rental income, capital gains, and depreciation deduction amounts.

■■ [¶ 11] At the hearing, the district court heard evidence on payments Allen Entzie made to his girlfriend, rental income not reported on his taxes, income listed on tax returns, his business record-keeping practices, and a number of other issues. Child support obligations are determined upon net income received by an obligor from *all* sources. N.D. Admin. Code § 75–02–04.1–02(3) (emphasis added). Income under the child support guidelines is broad and is meant to include any form of payment to the obligor, regardless of source, as long as such payment is not specifically excluded under the guidelines. *Berge,* 2006 ND 46, ¶ 12, 710 N.W.2d 417. Certain types of income are specifically provided for by the child support guidelines. *See, e.g.* N.D. Admin. Code § 75–02–04.1–01(6) (in-kind income); N.D. Admin. Code § 75–02–04.1–05(1)(b)(2) (payments made to a member of a self-employed obligor's household). Income under the child support guidelines includes nonrecurrent payments, like capital gains. *Berge,* at ¶¶ 12–14. The district court may properly exclude past earnings that are not an accurate predictor of future income. *State ex rel. K.B. v. Bauer,* 2009 ND 45, ¶ 13, 763 N.W.2d 462.

[¶ 12] Theresa Entzie argues the district court should include Allen Entzie's depreciation deductions in his income, citing 2009 N.D. Sess. Laws ch. 148, § 3. However, the proposed guidelines regarding depreciation were not in effect at the time the motion to amend was filed. *See* N.D. Admin. Code § 75–02–04.1–09(1)(g) (proposed Aug. 4, 2010). Under the guidelines existing when the motion was made, depreciation deductions must be excluded. *See Kobs,* 2005 ND 222, ¶ 11, 707 N.W.2d 803 (citing *Torgerson v. Torgerson,* 2003 ND 150, ¶¶ 14–18, 669 N.W.2d 98).

[¶ 13] On remand, the district court must make specific findings on income that will be added in calculating net income and income that will not be considered because it is not an accurate predictor of future income or is excluded under the guidelines.

## V

■ [¶ 14] Allen Entzie argues the district court erred in finding him underemployed and imputing income to him. Allen Entzie argues self-employed obligors cannot be deemed underemployed. He also argues underemployment determinations are based on gross income from self-employment and not net income from self-employment.

■ [¶ 15] The district court imputed a minimum wage income to Allen Entzie after finding him underemployed, without calculating his gross income. An obligor may be found underemployed if the obligor's gross income is significantly less than the statewide average earnings for persons with similar work history and qualifications. N.D. Admin. Code § 75–02–04.1–07(1)(b). An obligor is presumed underemployed if the obligor's monthly income is either less than one hundred sixty-seven times the federal hourly minimum wage per month, or if the obligor's income is less than six-tenths of the statewide average earnings for persons with similar work history and occupational qualifications. N.D. Admin. Code § 75–02–04.1–07(2). After an obligor is properly determined underemployed, the district court must impute income according to one of the provisions of N.D. Admin. Code § 75–02–04.1–07(3). The district court must properly determine an obligor's income under the child support guidelines before the court can find an obligor underemployed and impute income to the obligor. *Halberg,* 2010 ND 20, ¶ 16, 777 N.W.2d 872. After the district court properly determines Allen Entzie's gross income on remand, the court can decide whether he is underem-

ployed according to N.D. Admin. Code § 75–02–04.1–07.

[¶ 16] Allen Entzie is incorrect that self-employed obligors may not be deemed underemployed as well. Self-employed obligors may be underemployed, as long as the obligor's income falls within the underemployment provisions in the child support guidelines. *See Halberg*, 2010 ND 20, ¶ 25, 777 N.W.2d 872; *see also Kobs*, 2005 ND 222, ¶ 14, 707 N.W.2d 803. Allen Entzie argued his gross farm income must be used to determine underemployment, and not his net income from self-employment. Allen Entzie is incorrect in contending his gross income from his farm is the proper figure to apply in deciding whether he is underemployed. The child support guidelines are clear: "Net income from self-employment is an example of gross income." N.D. Admin. Code § 75–02–04.1–05(9). Therefore, net income from self-employment is "gross income from earnings," which is used to determine whether an obligor is underemployed. *See* N.D. Admin. Code § 75–02–04.1–07(1) and (2). The district court erred in finding Allen Entzie underemployed without engaging in the proper analysis under the guidelines.

[¶ 17] On remand, the district court may find Allen Entzie underemployed and impute income under the guidelines, but the court must first properly calculate his gross income, including his net income from self-employment and all other sources of income. *See Halberg*, 2010 ND 20, ¶¶ 10, 17, 25, 777 N.W.2d 872.

### VI

[¶ 18] Allen Entzie appeals the district court's valuation and application of projected rental values to determine his child support obligation.

[¶ 19] The district court made findings on the rental value of land Allen Entzie farms:

5. [Allen Entzie] ... has inherited farm assets as of February 5, 2009, in the form of 2,495.96 acres valued at $600,326 from his father's estate. [Allen Entzie] does not contest that he does have direct control over real estate and farm assets now valued reasonably at $1,582,200.

6. That the foregoing real estate interest consists of 686 acres of cropland, 453 acres of pasture land, and 468 acres of hay land. In applying the 2009 county rents and values as compiled by the U.S.D.A. National Agricultural Statistic Service, ... the five-year average of rental values in McIntosh County, North Dakota, generate a rental income of farmland at $36 per acre, hay land and pasture land at $20.40 per acre. Accordingly, cash rental value of the inherited real estate owned by the [Allen Entzie] is an annual rental of $43,484.40.

The district court added the imputed rental income to the imputed minimum wage income after finding Allen Entzie underemployed. The district court found this calculation "establishes a minimum floor gross income to be imputed as [Allen Entzie's] established earning capacity...."

[¶ 20] The district court's orders are ambiguous, and it is unclear from the record what land the district court used to calculate rental income on. The district court describes the land considered as both "inherited" and under Allen Entzie's "direct control." The district court's orders are ambiguous as to whether the court equated "direct control" with ownership or ability to generate additional income off the land, or if the court was unsure of the ownership status of all the land, but found "direct control" sufficient to impute income from the land.

[¶ 21] The record does not provide any guidance on the district court's orders. Two personal representative's deeds were presented at the hearing for the same parcels of land—one deed showing Allen Entzie inherited land from his father in fee simple and one deed showing Allen Entzie received a remainder interest in land in which his mother holds a life estate. The former was recorded first and predated Theresa Entzie's motion to amend the judgment. The latter was recorded the day before the district court hearing and was presented as a corrected deed complying with Allen Entzie's father's intentions. At argument before this Court, the parties agreed Allen Entzie did not inherit any land in fee simple. Allen Entzie argues he previously farmed the land from his father's estate, paid rent to do so, and continues to farm and pay rent to his mother on the same land. The evidence does not support finding Allen Entzie "inherited" land from his father. However, it is not clear which land the district court was considering, so we cannot conclude from the record whether the court erred in imputing income on the parcel of land from Allen Entzie's father's estate. It is unclear whether the district court calculated rental income from all Allen Entzie's land or only a part of Allen Entzie's land that was not included in his father's estate. It is also unclear whether the district court found it proper to impute rental income to Allen Entzie on land he directly controls, whether owned in fee simple or not.

[¶ 22] There is also no indication what provision of the child support guidelines the district court used to consider this type of income or to consider imputed rental income in this way. Under the child support guidelines, the district court may consider new or future circumstances that will materially affect the child support obligations, but there are no findings to support such a consideration here. *Cf. Hal-*berg, 2010 ND 20, ¶¶ 12–13, 777 N.W.2d 872 (where the lower court specifically found, and properly considered, new and future circumstances likely to materially affect the obligor's support obligation). The court may also consider "[t]he increased ability of an obligor, who is able to secure additional income from assets, to provide child support" under the guidelines as rebuttal evidence. N.D. Admin. Code § 75–02–04.1–09(2)(g). Before using this provision to deviate upwards from the presumptively correct amount of child support, the court must state such income is a deviation and make explicit findings on the best interests of the children and the obligor's ability to secure additional income from assets. *See* N.D. Admin. Code § 75–02–04.1–09(2); *see also Fleck*, 2010 ND 24, ¶ 13, 778 N.W.2d 572; *State of Michigan, ex rel., Schneider v. Schneider*, 2008 ND 35, ¶ 4, 745 N.W.2d 368. The district court did not do so here. The district court may have used another provision of the child support guidelines to impute rental income, but we are unable to discern what provision the district court considered. On remand, the district court must state which provision of the child support guidelines allows rental income to be added and imputed the way it was here.

[¶ 23] Moreover, since the parties agreed Allen Entzie did not actually inherit any new land from his father's estate in 2009, the district court may have imputed income when it possessed actual income figures from his past tax returns. If the income from the land was already reflected on Allen Entzie's past tax returns, it was improper for the district court to ignore the income on the tax returns and apply a hypothetical income off the land. *See, e.g., Berge*, 2006 ND 46, ¶ 19, 710 N.W.2d 417 (it was improper to calculate an obligor's annual employment income on one pay stub when the obligor's annual employ-

ment income was actually reflected on the prior year's tax return).

[¶ 24] We remand to the district court with instructions to explicitly state and classify which land the district court is basing rental value on. The district court must also make clear which provision of the child support guidelines allows the court to calculate rental income in this case. The district court must clarify whether income from the land considered was already included in Allen Entzie's self-employment income and if it was, must refrain from imputing income from assets already included, unless new circumstances are clearly demonstrated.

## VII

■ [¶ 25] Allen Entzie argues the district court erred by finding the children C.E. and T.E. have increased needs and deviating upward from the child support guidelines.

[¶ 26] The child support amount provided by the child support guidelines is presumed correct, but may be rebutted by a preponderance of the evidence that a deviation is in the best interests of the children and warranted under the guidelines. N.D. Admin. Code § 75–02–04.1–09. The only criteria that will rebut the presumptively correct amount are listed in the child support guidelines. *Id.*; *see also Verhey*, 2009 ND 35, ¶ 14, 763 N.W.2d 113. The party urging a deviation from the guidelines must prove by a preponderance of the evidence that a deviation is in the best interests of the children and one of the listed criteria has been met. *Fleck*, 2010 ND 24, ¶ 13, 778 N.W.2d 572; *Verhey*, at ¶ 14. The district court must include findings of fact when deviating from the child support guidelines and should clarify that an increase is a deviation from the scheduled amount, so this Court does not have to speculate on the district court's

rationale. *See Fleck*, at ¶ 13 (citing *Heinle*, 2010 ND 5, ¶ 37, 777 N.W.2d 590); *see also Schneider*, 2008 ND 35, ¶¶ 4–5, 745 N.W.2d 368.

[¶ 27] The district court deviated upward from the guidelines, finding evidence rebutted the presumptively correct amount under the child support guidelines based on two of the minor children's needs. In deciding whether a deviation from the guidelines is in the children's best interests, the court may consider "[t]he increased needs of children with disabling conditions or chronic illness." N.D. Admin. Code § 75–02–04.1–09(2)(d). The district court found the nine-year-old child "T.E. is in need of supplemental educational programs so as to enhance her reading skills and educational opportunities." Evidence at the hearing established T.E. has been in special education programs at school but, as a fourth grader, continues to read at a first-grade level. Theresa Entzie testified an assessment at the Sylvan Learning Center revealed the child needed additional tutoring. The district court found the reasonable costs of supplemental education warranted deviating from the guidelines and increasing Allen Entzie's child support obligation by $100 a month for T.E. The district court's findings are not clearly erroneous.

■ [¶ 28] A court may deviate from the child support guidelines based on "[t]he increased needs of children age twelve and older." N.D. Admin. Code § 74–02–04.1–09(2)(e). The district court found C.E., a sixteen-year-old child, has additional expenses "due to his extracurricular activities within the public school system." Needs of a child twelve and older are not limited to subsistence needs and can be based on a child's standard of living. *Bernhardt v. Bernhardt*, 1997 ND 80, ¶ 12, 561 N.W.2d 656. Theresa Entzie presented exhibits and testimony at the

hearing regarding C.E.'s needs, which included expenses related to extracurricular activities. Based on this evidence, the district court found the reasonable cost of these expenses warranted increasing the child support obligation by $100 a month. These findings are not clearly erroneous and are supported by the record.

[¶ 29] We affirm the district court's increase of the child support obligation based on the children's needs. On remand, the district court may reconsider the amount of the deviation after the court properly determines Allen Entzie's income under the guidelines.

## VIII

[¶ 30] Allen Entzie argues the district court erred in awarding Theresa Entzie partial attorney fees and improperly sanctioning him.

[¶ 31] The district court found Allen Entzie increased the costs of discovery and litigation by denying he purchased a motorcycle, denying he made advance payments for his farm expenses, and denying he paid a salary to a member of his household. The district court found these were income minimizing tactics. The court also stated, "[Allen Entzie's] income from the reasonable rental value of real estate and [Allen Entzie's] capacity for minimum wage employment, generates an income more than twice that of [Theresa Entzie]." The district court ordered "that [Allen Entzie] shall make partial payment of attorney's fees in the amount of Three Thousand Dollars ($3,000)."

[¶ 32] The analysis for awarding attorney fees requires different findings than the analysis for imposing sanctions. "In awarding attorney fees, the district court must balance one party's needs against the other party's ability to pay and should consider whether either party unreasonably increased time spent on the case." *Sonnenberg*, 2010 ND 94, ¶ 19, 782 N.W.2d 654. The district court should consider the parties' relative incomes, property, types of property, and actions that increased the time spent on the case. *Heinle*, 2010 ND 5, ¶ 32, 777 N.W.2d 590 (quoting *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348). In contrast, the needs and abilities of parties to pay attorney fees are irrelevant in an analysis for imposing sanctions. *Dronen v. Dronen*, 2009 ND 70, ¶ 50, 764 N.W.2d 675. Sanctions must be reasonably proportionate to misconduct, and the district court should consider the culpable state of mind of the party against whom sanctions are imposed. *Id.* at ¶ 52. A district court imposing sanctions must also make findings on the prejudice against the moving party, the degree of prejudice, the impact of prejudice on the moving party's ability to present or defend the party's case, and the availability of less severe sanctions. *Id.*

[¶ 33] The district court made express findings on the parties' needs and abilities to pay, as well as Allen Entzie's conduct. The district court order does not contain any other findings that are required in a sanctions analysis. Further, the district court order states the award is for attorney fees. We cannot agree with Allen Entzie's assertion that sanctions were imposed.

[¶ 34] Allen Entzie argues the award of attorney fees was improper because the "assumed misconduct" was insufficient to warrant attorney fees. He also argues Theresa Entzie's net income substantially exceeds his, and she has more cash and liquid assets.

[¶ 35] District courts have considerable discretion to award attorney fees in a divorce proceeding under N.D.C.C. § 14–05–23, and the court's award will not be set aside absent an abuse of discretion.

*Sonnenberg,* 2010 ND 94, ¶ 19, 782 N.W.2d 654. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* Here, the district court's findings are based on the record and the court did not abuse its discretion in awarding attorney fees. We affirm the district court's award, but on remand, the district court may reconsider the amount of the award, in accordance with Allen Entzie's properly calculated income.

### IX

[¶ 36] We conclude the other issues raised by the parties are unnecessary to resolve our disposition of this case. We hold the district court erred as a matter of law by failing to comply with the child support guidelines, and we reverse and remand the district court's calculations of Allen Entzie's income and child support obligation. We affirm the district court's deviation from the guidelines based on the children's needs and the award of partial attorney fees to Theresa Entzie.

[¶ 37] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.