2015 ND 236

**Mary Ann KLEIN, Plaintiff and Appellant**

v.

**Wesley KLEIN, Defendant and Appellee.**

No. 20140449.

Supreme Court of North Dakota.

Sept. 17, 2015.

Carey A. Goetz, Bismarck, N.D., for plaintiff and appellant; submitted on brief.

Sherry Mills Moore, Bismarck, N.D., for defendant and appellee.

McEVERS, Justice.

[¶ 1] Mary Ann Klein appeals from a divorce judgment entered after trial awarding spousal support and child support. We conclude the district court did not clearly err in its award of spousal support to Mary Ann Klein, but conclude the court erred in calculating Wesley Klein's income for child support purposes. We therefore affirm in part, reverse in part, and remand for further proceedings.

I

[¶ 2] In 2012, Mary Ann Klein commenced this action for divorce. Wesley Klein and Mary Ann Klein were married for 31 years and have nine children together, three of whom were still minors. Mary Ann Klein was 52 and Wesley Klein was 53 years of age at the time of the divorce proceedings.

[¶ 3] Although Mary Ann Klein has a nursing degree, she had primarily stayed at home to care for the children and had recently begun working as a teaching assistant. Wesley Klein has a business degree and is employed with Basin Electric Power at one of its power plants. Wesley Klein also receives income estimated at $24,000 for 2013 from serving on the Farm Bureau board, the Nodak Mutual board, and the Mercer County zoning board. The parties have been ranching since about 2000 or 2001 and before that always had horses on the homestead. The district court found the cattle operation has shown a loss for four of the last five years.

[¶ 4] Before trial, the parties settled all property and parenting issues, reserving issues of spousal support and child support for trial. In July 2014, the district court held a trial on the remaining issues. In October 2014, the court issued its findings of fact, conclusions of law, and an order for judgment, and a divorce judgment was subsequently entered. The court ordered Wesley Klein to pay Mary Ann Klein spousal support of $500 a month for 24 months or until she dies or remarries, and ordered Wesley Klein to pay child support of $682 per month.

II

[¶ 5] Mary Ann Klein argues the district court erred in calculating Wesley Klein's income for purposes of establishing both spousal support and child support. Mary Ann Klein appears to combine the income calculations for both spousal support and child support. We have, however, specifically addressed whether child support and spousal support income determinations must be equal:

To determine a child support obligation the court must apply the child support guidelines to calculate the obligor's net income. *Halberg [v. Halberg ]*, 2010 ND

20, ¶ 10, 777 N.W.2d 872. In deciding whether to award spousal support, the court considers the *Ruff–Fischer* factors, which include the parties' earning ability and the needs of the spouse seeking support and the ability of the other spouse to pay. *Duff [v. Kearns–Duff]*, 2010 ND 247, ¶ 14, 792 N.W.2d 916. Under those authorities, a party's earning ability will not necessarily be the same as the party's net income under the child support guidelines.

*Conzemius v. Conzemius*, 2014 ND 5, ¶ 41, 841 N.W.2d 716 (quoting *Becker v. Becker*, 2011 ND 107, ¶ 15, 799 N.W.2d 53). Because income determinations for child support and spousal support require separate analyses, we will address Mary Ann Klein's arguments regarding spousal support and child support separately.

### A

■ [¶ 6] Mary Ann Klein argues the district court erred in its award of spousal support to her.

■ [¶ 7] Under N.D.C.C. § 14–05–24.1, the district court "may require one party to pay spousal support to the other party for any period of time." This Court has disposed of the disadvantaged spouse doctrine in determining spousal support and reemphasized "the importance of a comprehensive analysis under the *Ruff–Fischer* guidelines." *Mertz v. Mertz*, 2015 ND 13, ¶ 9, 858 N.W.2d 292 (quoting *Sack v. Sack*, 2006 ND 57, ¶ 12, 711 N.W.2d 157); *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). In deciding whether to award spousal support, the district court must consider all relevant factors under the *Ruff–Fischer* guidelines:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Mertz*, at ¶ 10; *see also Gustafson v. Gustafson*, 2008 ND 233, ¶ 6, 758 N.W.2d 895.

■ [¶ 8] While the district court need not make a finding on each factor, the court must explain its rationale for its determination. *Becker*, 2011 ND 107, ¶ 28, 799 N.W.2d 53. The court must consider the "supporting spouse's needs and ability to pay as well as the receiving spouse's income and needs." *Gustafson*, 2008 ND 233, ¶ 6, 758 N.W.2d 895. "Rehabilitative spousal support is awarded to equalize the burden of divorce or to restore an economically disadvantaged spouse to independent status by providing that spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Rustad v. Rustad*, 2013 ND 185, ¶ 18, 838 N.W.2d 421 (quoting *Dieterle v. Dieterle*, 2013 ND 71, ¶ 31, 830 N.W.2d 571).

■ [¶ 9] The district court's findings of fact in deciding whether to award spousal support will not be reversed on appeal unless they are clearly erroneous. *Becker*, 2011 ND 107, ¶ 6, 799 N.W.2d 53. "Income is a finding of fact." *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support the finding, or this Court is convinced, based on the entire record, a mistake has been made. *Id.*

[¶ 10] Mary Ann Klein argues that the district court erred in awarding her rehabilitative spousal support of only $500 per month for two years. She asserts instead that permanent spousal support of $3,000

per month is appropriate because she is more than 50 years old, gave up her nursing career nearly 30 years ago to raise their family, and now has limited ability to reestablish a career that will provide her with long-term support. She contends that the court further erred when it only considered Wesley Klein's annual income of $82,937 from his work at Basin Electric without including other income, that his ability to provide her with additional support each month is significantly higher, and that her needs remain high based on her difficult position regarding gainful employment.

[¶ 11] Although Mary Ann Klein received a nursing degree and worked in that capacity early in the marriage, she currently works part time as a teacher's assistant earning about $9 per hour. She asserts she is not currently licensed for nursing and would have to apply to the nursing board to reactivate her license before she would be able to work in nursing. She asserts she would prefer to teach but would need further education. Mary Ann Klein asserts that the parties had decided she would leave the workforce to fully devote herself to the family and the farming and ranching operation and that $500 of monthly spousal support does not restore her to the lifestyle she enjoyed while the parties were together. She contends Wesley Klein has not been impacted financially regarding his cash flow and her needs are far more dire. She asserts that while he is left with approximately $3,500 each month after his expenses are paid, Mary Ann Klein is $5,000 behind each month.

[¶ 12] Mary Ann Klein also argues the district court erred in finding she is in reasonably good health and testified at trial about various health problems, including bulging discs in her back, anxiety, and depression. She asserts her back was injured while working on the farm and she may not be able to perform all duties necessary to be a nurse. She contends that Wesley Klein's income from serving on various boards of $24,000 per year is significantly greater than the rental fees Mary Ann Klein will receive for the quarter of land she received, which is only $7,600 annually. She contends Wesley Klein has a greater ability to pay spousal support because his actual gross income is $128,830.

[¶ 13] Here, in its findings of fact, conclusions of law, and order for judgment, the district court considered all of the *Ruff–Fischer* guidelines in awarding rehabilitative spousal support to Mary Ann Klein of $500 per month for two years. The court specifically considered that she had received a "sizeable" retirement fund through the property settlement and also received rural property, with Mary Ann Klein receiving approximately $50,000 more in the parties' property division. The court found that since the parties had separated two years earlier, Mary Ann Klein had not made any "real forays" into the employment market. She also has rental income from the property.

[¶ 14] The district court specifically stated that it considered the assets with which each party is leaving the marriage under the property agreement and that Mary Ann Klein has a sizeable retirement in place. The court also imputed annual gross income to her. While Mary Ann Klein testified to certain health concerns, the record does not reveal documentation or medical records establishing how her purported health problems affect her ability to work. In deciding the amount of spousal support to award Mary Ann Klein, the court concluded:

> Each party is in good health and able to provide for his or her own support with some assistance for Mary Ann. Mary

Ann is obviously a hard worker as she has raised, with Wesley, nine children and continues to do so. Mary Ann has worked with the family on the ranch raising cattle, horses, and breaking horses. Mary Ann has a four-year nursing degree. Mary Ann is capable and able, with assistance, to place herself in the workforce. To this end the Court orders Wesley to provide to Mary Ann $500 a month in spousal support to allow Mary Ann to move forward in reinstating her nursing credentials or obtaining another degree within education. This support will be temporary in nature and last for two years. The Court views this as rehabilitative support and Mary Ann should be able to enter the workforce after deciding to move forward in education, nursing, or other field. The time frame is to allow Mary Ann to juggle both the remaining duties with the minor children and the necessary educational requirements, which may mean part time as Mary Ann moves back into the workforce. Wesley has provided he cannot afford this amount, yet the cattle operation and his board income makes the Court find he is able to maintain this support amount for a two-year period. Sacrifices may have to be made by both parties.

[¶ 15] In reviewing the amount of spousal support awarded, we are able to understand the district court's basis for its decision. *Heinle v. Heinle*, 2010 ND 5, ¶ 22, 777 N.W.2d 590. Based on this record, we conclude the court's award of spousal support is not clearly erroneous.

### B

[¶ 16] Mary Ann Klein argues the district court erred in its award of child support. She contends the court erred in its calculation of Wesley Klein's income.

[¶ 17] We have articulated the standard of review for child support decisions:

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law when it fails to comply with the requirements of the Guidelines.

*Conzemius,* 2014 ND 5, ¶ 33, 841 N.W.2d 716 (quoting *Buchholz v. Buchholz,* 1999 ND 36, ¶¶ 11–12, 590 N.W.2d 215). Under N.D. Admin. Code § 75–02–04.1–02(8), the guidelines provide:

Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income. If circumstances that *materially affect the child support obligation* have changed in the recent past or are very likely to change in the near future, consideration *may be given* to the new or likely future circumstances.

(Emphasis added.) Section 75–02–04.1–02(10), N.D. Admin. Code, requires that "a child support order include a statement of the obligor's net income and 'how that net income was determined.'" *Buchholz,* at ¶ 12.

[¶ 18] In *Shae v. Shae,* 2014 ND 149, ¶ 15, 849 N.W.2d 173, we said that "[s]elf-employment includes income from a business organization, rental properties, royalties, business gains, partnerships, trusts, corporations and any other activity considered self-employment by the Internal Revenue Code." However, N.D. Admin. Code § 75–02–04.1–01(10) more precisely defined "self-employment" as:

employment that results in an obligor earning income from any business organization or entity *which the obligor is, to a significant extent, able to directly or indirectly control.* For purposes of this chapter, it also includes any activity that generates income from rental property, royalties, business gains, partnerships, trusts, corporations, and any other organization or entity regardless of form and *regardless of whether such activity would be considered self-employment activity under the Internal Revenue Code.*

(Emphasis added.) Section 75–02–04.1–05(4) (2011), N.D. Admin. Code, provides guidance for determining self-employment income:

Self-employment activities may experience significant changes in production and income over time. To the extent that information is reasonably available, the average of the most recent five years of each self-employment activity, if undertaken on a substantially similar scale, must be used to determine self-employment income. When self-employment activity has not been operated on a substantially similar scale for five years, a shorter period may be used.

Further, when four or more years of self-employment income are averaged, N.D. Admin. Code § 75–02–04.1–05(7), limited the extent to which losses from self-employment may reduce other income:

When three or more years were averaged under subsection 4, a loss resulting from the averaging may be used to reduce income *that is not related to self-employment* only if the loss is not related to a hobby activity, losses were calculated for no more than forty percent of the years averaged, *and* monthly gross income, reduced by one-twelfth of the average annual self-employment loss, equals or exceeds the greatest of:

a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage;

b. An amount equal to six-tenths of statewide average earnings for persons with similar work history and occupational qualifications; or

c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, calculated without using self-employment losses, in any twelve consecutive months beginning on or after twenty-four months before commencement of the proceeding before the court.

When tax returns are not available or are unreliable, the guidelines require the district court to use profit and loss statements that more accurately reflect the obligor's current self-employment income to properly calculate income. *See Entzie v. Entzie*, 2010 ND 194, ¶ 6, 789 N.W.2d 550.

[¶ 19] Here, in calculating child support, the district court found Wesley Klein's gross annual income to be $82,937 based only on his 2013 W–2 statement from Basin Electric, and the court imputed Mary Ann Klein a gross annual income of $34,470. There was evidence at trial showing that Wesley Klein had annual farm income losses every year between 2008 and 2012, and the court estimated he received $24,000 in 2013 for serving on the Farm Bureau Board, the Nodak Mutual Board, and the Mercer County Zoning Board, but he could only be on the higher paying boards for approximately a three-year term. The court essentially offset all of Wesley Klein's income from the various boards, which the court considered temporary in nature, with the continuing farm losses.

[¶ 20] Mary Ann Klein disputes the district court's determination of Wesley Klein's annual wage income. She contends his gross annual income should be in-

creased from $82,937 to $128,830. Mary Ann Klein argues that Wesley Klein's 2014 partial year wage statements should be used in place of his 2013 W–2 statement because his 2014 pay stubs "project" his annual wages from his employer to be $100,870. She asserts his wage income was expected to be significantly greater in 2014 than in 2013 and materially affects his child support obligation.

[¶ 21] Mary Ann Klein also argues the district court erred in offsetting Wesley Klein's farm losses by his annual board income. She seems to concede on appeal the board income and farm income are both self-employment income. However, she asserts such an offset is not permissible under N.D. Admin. Code § 75–02–04.1–05(7), because if three or more years of self-employment income are averaged and more than 40 percent of each of those years were losses, there can be no offset. In this case, she asserts five years were averaged from 2008 to 2012, with all of those five years incurring losses. She therefore argues there should be no offset and income from all the boards must be added to his wages.

[¶ 22] Wesley Klein responds, however, that his income may not by extrapolated from a partial year, *Korynta v. Korynta*, 2006 ND 17, ¶ 16, 708 N.W.2d 895, and extrapolating his income from mid-year 2014 pay stubs is contrary to law and common sense. He asserts the 2013 W–2 is the best evidence of his wage income. Wesley Klein also contends his self-employment income was properly considered by the court under N.D. Admin. Code § 75–02–04.1–05, and the five-year average was a negative figure primarily based on the farm income losses. He argues that while hobby farm losses cannot be used to reduce "wage income" under N.D. Admin. Code § 75–02–04.1–05(7), "negative" self-employment income may be used to reduce

other self-employment income under this Court's decision in *Shae*, 2014 ND 149, ¶ 16, 849 N.W.2d 173.

[¶ 23] As we explained in *Shae*, "N.D. Admin. Code § 75–02–04.1–05(6) and (7) restrict when loss may be applied to reduce income *unrelated to self-employment.*" *Shae*, 2014 ND 149, ¶ 16, 849 N.W.2d 173 (emphasis added). Here, however, in calculating Wesley Klein's child support obligation, the district court relied only on his 2013 W–2 wage statement. For purposes of child support, the court appears to have simply disregarded as temporary or offset the "estimated" $24,000 of income from the various boards against his farm losses. Although potentially nominal in amount, we note that Wesley Klein has in previous years treated the Mercer County income as wages, which could not be offset here under N.D. Admin. Code § 75–02–04.1–05(7).

[¶ 24] Further, although he asserts his continued farming is necessary to remain on the higher paying boards, the district court has not made findings or any analysis, and the record is simply unclear, whether Wesley Klein's board income is self-employment income that may be properly offset by the farm losses under the guidelines. While we agree that Wesley Klein's income cannot be extrapolated from partial-year pay stubs for 2014, because the district court relied on his wage income from 2013, we conclude that the court erred in assuming that his farm income would either continue to be negative or "be a wash" for 2013. Further, it is also unclear from this record whether the estimated board income for 2013 was even appropriately considered self-employment income under the guidelines to be properly offset by the farm losses.

[¶ 25] We therefore conclude the district court erred as a matter of law in its calculation of Wesley Klein's income for

child support purposes and reverse and remand for the court to make additional findings and calculations. On remand, the district court may permit additional discovery and evidence to be submitted regarding Wesley Klein's 2013 income.

### III

[¶ 26] The district court judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings.

[¶ 27] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 28] I respectfully dissent.

[¶ 29] The offset issue relating to board income, on which the majority reverses, was not raised in the district court and cannot properly be considered on appeal. *See Peters–Riemers v. Riemers,* 2002 ND 49, ¶ 9, 641 N.W.2d 83 (issues not raised to the trial court may not be raised on appeal).

[¶ 30] I would affirm the district court.

[¶ 31] DALE V. SANDSTROM